UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, PLAINTIFFS** | : | |
| **VS.** | : | **C.A. NO.: 04-0435/T** |
| **ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., DEFENDANTS** | : | |

**GEORGE STROUTHOPOULOS AND ERWIN VAHLSING, JR.'S ANSWER TO PLAINTIFFS' COMPLAINT**

NOW COME Defendants George Strouthopoulos ("GS") and Erwin Vahlsing, Jr. ("EV") (collectively hereinafter referred to as the "Defendants"), and each of them, by and through counsel, and hereby answer and respond to the allegations and averments set forth in Plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC's ("Street Search") (collectively hereinafter referred to as the "Plaintiffs") Complaint as follows:

**ANSWER**

**Jurisdiction**

1. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 1 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs to their burden of proof thereon; however, to the extent that a response to said Paragraph 1 is required, Defendants deny the same.

2. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 2 of the

6

Plaintiffs' Complaint, and, as such, leave the Plaintiffs to their burden of proof thereon; however, to the extent that a response to said Paragraph 2 is required, the Defendants deny the same.

3. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 3 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs to their burden of proof thereon; however, to the extent that a response to said Paragraph 3 is required, Defendants deny the same.

4. GS admits the allegations and averments as set forth in Paragraph 4 of the Plaintiffs' Complaint. Further, EV makes no response to said Paragraph 4 insofar as the same is not directed to him.

5. EV admits the allegations and averments set forth in Paragraph 5 of the Plaintiffs' Complaint. Further, GS makes no response to said Paragraph 5 insofar as the same is not directed to him.

6. The Defendants can neither admit nor deny the allegations and averments set forth in Paragraph 6 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent and response to the allegations and averments set forth in said Paragraph 6 is required, the Defendants deny the same.

**General Allegations**

7. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 7 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent and response to the allegations and averments set forth in said Paragraph 7 is required, the Defendants deny the same.

8. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 8 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent and response to the allegations and averment set forth in said Paragraph 8 is required, the Defendants deny the same.

9. The Defendants admit that ICOA is a neutral-host broadband and wireless internet network ("Wi-Fi") provider servicing high traffic locations, like airport terminals and restaurants, and that its shares are publicly traded on the OTC Bulletin Board. Further, GS and EV, and each of them, admit that they are officers of ICOA. The Defendants deny each and every remaining allegation and averment set forth in Paragraph 9 of the Plaintiffs' Complaint.

10. The Defendants deny the allegations and averments set forth in Paragraph 10 of the Plaintiffs' Complaint.

11. The Defendants deny the allegations and averments set forth in Paragraph 11 of the Plaintiffs' Complaint.

12. The Defendants deny the allegations and averments set forth in Paragraph 12 of the Plaintiffs' Complaint.

13. The Defendants deny the allegations and averments set forth in Paragraph 13 of the Plaintiffs' Complaint.

14. The Defendants deny the allegations and averments set forth in Paragraph 14 of the Plaintiffs' Complaint.

15. The Defendants deny the allegations and averments set forth in Paragraph 15 of the Plaintiffs' Complaint.

16. The Defendants deny the allegations and averments set forth in Paragraph 16 of the Plaintiffs' Complaint.

**COUNT I**
**(Breach of Contract/Specific Performance against ICOA)**

17. The Defendants deny the allegations and averments set forth in Paragraph 17 of the Plaintiffs' Complaint.

18. The Defendants deny the allegations and averments set forth in Paragraph 18 of the Plaintiffs' Complaint

19. The Defendants admit only that ICOA and Cornell Capital Partners, LP ("Cornell") entered into agreements in or about March, 2004. Said agreements speak for themselves. The Defendants can neither admit nor deny certain of the allegations and averments set forth in Paragraph 19 of the Plaintiffs' Complaint insofar as the terms and conditions of said agreements speak for themselves. As such, the Defendants deny each and every remaining allegation and averment set forth in Paragraph 19 of the Plaintiffs' Complaint.

20. The Defendants admit only that ICOA and Cornell entered into agreements in or about March, 2004. Said agreements speak for themselves. The Defendants can neither admit nor deny certain of the allegations and averments set forth in Paragraph 20 of the Plaintiffs' Complaint insofar as the terms and conditions of said agreements speak for themselves. As such, the Defendants deny each and every remaining allegation and averment set forth in Paragraph 20 of the Plaintiffs' Complaint.

21. The Defendants admit only that ICOA and Cornell entered into agreements in or about March, 2004. Said agreements speak for themselves. The Defendants can neither admit nor deny certain of the allegations and averments set forth in Paragraph 21 of the Plaintiffs' Complaint insofar as the terms and conditions of said agreements speak for themselves. As such,

the Defendants deny each and every remaining allegation and averment set forth in Paragraph 21 of the Plaintiffs' Complaint.

22. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 22 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent a response to the allegations and averments set forth in said Paragraph 22 is required, the Defendants deny the same.

23. The Defendants deny the allegations and averments set forth in Paragraph 23 of the Plaintiffs' Complaint.

24. The Defendants are without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 24 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent a response to the allegations and averments set forth in said Paragraph 24 is required, the Defendants deny the same.

25. The Defendants deny the allegations and averments set forth in Paragraph 25 of the Plaintiffs' Complaint.

26. The Defendants deny the allegations and averments set forth in Paragraph 26 of the Plaintiffs' Complaint.

27. The Defendants deny the allegations and averments set forth in Paragraph 27 of the Plaintiffs' Complaint.

28. The Defendants can neither admit nor deny the allegations and averments set forth in Paragraph 28 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no

response is required; however, to the extent a response to the allegations and averments set forth in said Paragraph 28 is required, the Defendants deny the same.

29. The Defendants can neither admit nor deny the allegations and averments set forth in Paragraph 29 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent a response to the allegations and averments set forth in said Paragraph 28 is required, the Defendants deny the same.

30. The Defendants deny the allegations and averments set forth in Paragraph 30 of the Plaintiffs' Complaint.

31. The Defendants deny the allegations and averments set forth in Paragraph 31 of the Plaintiffs' Complaint.

32. The Defendants deny the allegations and averments set forth in Paragraph 32 of the Plaintiffs' Complaint.

**COUNT II**
**(Breach of Oral Contract/Specific Performance against ICOA)**

33. The Defendants deny the allegations and averments set forth in Paragraph 33 of the Plaintiffs' Complaint.

34. The Defendants deny the allegations and averments set forth in Paragraph 34 of the Plaintiffs' Complaint.

35. The Defendants deny the allegations and averments set forth in Paragraph 35 of the Plaintiffs' Complaint.

36. The Defendants deny the allegations and averments set forth in Paragraph 36 of the Plaintiffs' Complaint.

37. The Defendants deny the allegations and averments set forth in Paragraph 37 of the Plaintiffs' Complaint.

38. The Defendants can neither admit nor deny the allegations and averments set forth in Paragraph 38 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent a response to the allegations and averments contained in said Paragraph 38 is required, the Defendants deny the same.

39. The Defendants deny the allegations and averments set forth in Paragraph 39 of the Plaintiffs' Complaint.

40. The Defendants deny the allegations and averments set forth in Paragraph 40 of the Plaintiffs' Complaint.

**COUNT III**
**(Fraud as Against ICOA)**

41. The Defendants deny the allegations and averments set forth in Paragraph 41 of the Plaintiffs' Complaint.

42. The Defendants deny the allegations and averments set forth in Paragraph 42 of the Plaintiffs' Complaint.

43. The Defendants deny the allegations and averments set forth in Paragraph 43 of the Plaintiffs' Complaint.

44. The Defendants deny the allegations and averments set forth in Paragraph 44 of the Plaintiffs' Complaint.

45. The Defendants deny the allegations and averments set forth in Paragraph 45 of the Plaintiffs' Complaint.

46. The Defendants deny the allegations and averments set forth in Paragraph 46 of the Plaintiffs' Complaint.

47. The Defendants deny the allegations and averments set forth in Paragraph 47 of the Plaintiffs' Complaint.

**COUNT IV**
**(Fraud against Strouthopoulos and Vahlsing)**

48. The Defendants admit only that, at varying times, during their course of dealing with the Plaintiffs, GS and EV interfaced with the Plaintiffs in their capacity as officers of ICOA. The Defendants deny each and every remaining allegation and averment set forth in Paragraph 48 of the Plaintiffs' Complaint.

49. The Defendants deny the allegations and averments set forth in Paragraph 49 of the Plaintiffs' Complaint.

50. The Defendants deny the allegations and averments set forth in Paragraph 50 of the Plaintiffs' Complaint.

51. The Defendants deny the allegations and averments set forth in Paragraph 51 of the Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' claims are precluded by their failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiffs' claims are precluded by their lack of privity.

### Third Affirmative Defense

The Plaintiffs' claims are precluded by their lack of contractual relationship with the Defendants, and each of them.

### Fourth Affirmative Defense

The Plaintiffs' claims are precluded by their own failure of performance.

**Fifth Affirmative Defense**

The Plaintiffs' claims are precluded by impossibility of performance.

**Sixth Affirmative Defense**

The alleged contractual agreement is void, voidable and/or unenforceable as against public policy.

**Seventh Affirmative Defense**

The Plaintiffs' claims are precluded by lack of mutuality of agreement.

**Eighth Affirmative Defense**

The Plaintiffs' claims are precluded by lack of mutuality of obligation.

**Ninth Affirmative Defense**

The Plaintiffs' claims are precluded by lack of offer.

**Tenth Affirmative Defense**

The Plaintiffs' claims are precluded by lack of acceptance.

**Eleventh Affirmative Defense**

The Plaintiffs' claims are precluded by lack of legal consideration.

**Twelfth Affirmative Defense**

The Plaintiffs' claims are precluded by their own misfeasance and/or malfeasance.

**Thirteenth Affirmative Defense**

The Plaintiffs' claims are precluded by their own negligence.

**Fourteenth Affirmative Defense**

The Plaintiffs' claims are precluded by the doctrine of laches.

**Fifteenth Affirmative Defense**

The Plaintiffs' claims are precluded by the doctrine of estoppel.

**<u>Sixteenth Affirmative Defense</u>**

The Plaintiffs' claims are precluded by the doctrine of waiver.

**<u>Seventeenth Affirmative Defense</u>**

The Plaintiffs' claims are precluded by the doctrine of unclean hands.

**<u>Eighteenth Affirmative Defense</u>**

The Plaintiffs' claims are precluded by their own breach of contract or agreement.

**<u>Nineteenth Affirmative Defense</u>**

The Plaintiffs' claims are precluded insofar as any alleged injuries, losses and/or damages they purportedly incurred are the direct and proximate result of the conduct and/or actions of a third party over which the Defendants exercised no dominion or control.

**<u>Twentieth Affirmative Defense</u>**

The Plaintiffs' claims are precluded by their own mispresentation.

**<u>Twenty-First Affirmative Defense</u>**

The Plaintiffs' claims are precluded by their own fraud.

**<u>Twenty-Second Affirmative Defense</u>**

The Plaintiffs' claims are precluded insofar as their Complaint lacks merit and the requisite good faith basis as otherwise required by Rule 11 of the Federal Rules of Civil Procedure.

**<u>Twenty-Third Affirmative Defense</u>**

The Plaintiffs' claims against GS and EV are precluded insofar as the same have not been pled with the requisite specificity.

**<u>Twenty-Fourth Affirmative Defense</u>**

The Plaintiffs' claims are precluded by novation.

**Twenty-Fifth Affirmative Defense**

The Plaintiffs' claims are precluded by rescission.

**Twenty-Sixth Affirmative Defense**

The Plaintiffs' claims against GS and EV are precluded insofar as at all times relevant, and applicable, hereto GS and EV, and each of them, were functioning or participating in their capacities as duly authorized officers of ICOA.

**Twenty-Seventh Affirmative Defense**

The Plaintiffs' claims against GS and EV are precluded insofar as at all times relevant, and applicable, hereto GS and EV, and each of them, were agents of a disclosed principal.

**Twenty-Eighth Affirmative Defense**

The Defendants hereby reserve the right to so amend the within answer, and add such additional affirmative defenses as may be necessary, and appropriate, when, and if, such additional affirmative defenses become known during the course of the instant litigation.

WHEREFORE, the Defendants respectfully pray that this Court dismiss and deny the Plaintiffs' Complaint, with prejudice, that this Court enter judgment in favor of the Defendants, and each of them, and against the Plaintiffs, and each of them, jointly and severally, that this Court award to the Defendants, and each of them, any and all reasonable attorneys' fees, costs and other expenses incurred in the defense of the Plaintiffs' Complaint in this matter, and that this Court award to the Defendants, and each of them, such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

ICOA, Inc., George Strouthopoulos, and
Erwin Vahlsing, Jr.

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: November 22, 2004

**Jury Demand**

Defendants George Strouthopoulos and Erwin Vahlsing, Jr., and each of them, hereby demand a trial by jury on all counts so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 22nd day of November, 2004:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832