**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC,** **PLAINTIFFS** | : | |
| **VS.** | : | **C.A. NO.: 04-0435/T** |
| **ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR.,** **DEFENDANTS** | : | |

**ICOA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM**

NOW COMES Defendant ICOA, Inc. ("ICOA"), by and through counsel, and hereby answers and responds to the allegations and averments set forth in Plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC's ("Street Search") (collectively hereinafter referred to as the "Plaintiffs") Complaint as follows:

**ANSWER**

**Jurisdiction**

1. ICOA is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 1 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs to their burden of proof thereon; however, to the extent that a response to said Paragraph 1 is required, ICOA denies the same.

2. ICOA is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 2 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs to their burden of proof thereon; however, to the extent that a response to said Paragraph 2 is required, ICOA denies the same.

7

3. ICOA admits the allegations and averments set forth in Paragraph 3 of Plaintiffs' Complaint.

4. ICOA admits the allegations and averments set forth in Paragraph 4 of Plaintiffs' Complaint.

5. ICOA admits the allegations and averments set forth in Paragraph 5 of Plaintiffs' Complaint.

6. ICOA can neither admit nor deny the allegations and averments set forth in Paragraph 6 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent and response to the allegations and averments set forth in said Paragraph 6 is required, ICOA denies deny the same.

**General Allegations**

7. ICOA is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 7 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent and response to the allegations and averments set forth in said Paragraph 7 is required, ICOA denies the same.

8. ICOA is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 8 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent and response to the allegations and averments set forth in said Paragraph 8 is required, ICOA denies the same.

9. ICOA admits that it is a neutral-host broadband and wireless internet network ("Wi-Fi") provider servicing high traffic locations, like airport terminals and restaurants, and that

its shares are publicly traded on the OTC Bulletin Board. Further, ICOA admits that defendant George Strouthopoulos ("GS") and Erwin Vahlsing, Jr. ("EV") are officers of ICOA. ICOA denies each and every remaining allegation and averment set forth in Paragraph 9 of the Plaintiffs' Complaint.

10. ICOA denies the allegations and averments set forth in Paragraph 10 of the Plaintiffs' Complaint.

11. ICOA denies the allegations and averments set forth in Paragraph 11 of the Plaintiffs' Complaint.

12. ICOA denies the allegations and averments set forth in Paragraph 12 of the Plaintiffs' Complaint.

13. ICOA denies the allegations and averments set forth in Paragraph 13 of the Plaintiffs' Complaint.

14. ICOA denies the allegations and averments set forth in Paragraph 14 of the Plaintiffs' Complaint.

15. ICOA denies the allegations and averments set forth in Paragraph 15 of the Plaintiffs' Complaint.

16. ICOA denies the allegations and averments set forth in Paragraph 16 of the Plaintiffs' Complaint.

**COUNT I**
**(Breach of Contract/Specific Performance against ICOA)**

17. ICOA denies the allegations and averments set forth in Paragraph 17 of the Plaintiffs' Complaint.

18. ICOA denies the allegations and averments set forth in Paragraph 18 of the Plaintiffs' Complaint

19. ICOA admits only that it and Cornell Capital Partners, LP ("Cornell") entered into agreements in or about March, 2004. Said agreements speak for themselves. ICOA can neither admit nor deny certain of the allegations and averments set forth in Paragraph 19 of the Plaintiffs' Complaint insofar as the terms and conditions of said agreements speak for themselves. As such, ICOA denies each and every remaining allegation and averment set forth in Paragraph 19 of the Plaintiffs' Complaint.

20. ICOA admits only that it and Cornell entered into agreements in or about March, 2004. Said agreements speak for themselves. ICOA can neither admit nor deny certain of the allegations and averments set forth in Paragraph 20 of the Plaintiffs' Complaint insofar as the terms and conditions of said agreements speak for themselves. As such, ICOA denies each and every remaining allegation and averment set forth in Paragraph 20 of the Plaintiffs' Complaint.

21. ICOA admits only that it and Cornell entered into agreements in or about March, 2004. Said agreements speak for themselves. ICOA can neither admit nor deny certain of the allegations and averments set forth in Paragraph 21 of the Plaintiffs' Complaint insofar as the terms and conditions of said agreements speak for themselves. As such, ICOA denies each and every remaining allegation and averment set forth in Paragraph 21 of the Plaintiffs' Complaint.

22. ICOA is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 22 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent a response to the allegations and averments set forth in said Paragraph 22 is required, ICOA denies the same.

23. ICOA denies the allegations and averments set forth in Paragraph 23 of the Plaintiffs' Complaint.

24. ICOA is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 24 of the Plaintiffs' Complaint, and, as such, leave the Plaintiffs' to their burden of proof thereon; however, to the extent a response to the allegations and averments set forth in said Paragraph 24 is required, ICOA denies the same.

25. ICOA denies the allegations and averments set forth in Paragraph 25 of the Plaintiffs' Complaint.

26. ICOA denies the allegations and averments set forth in Paragraph 26 of the Plaintiffs' Complaint.

27. ICOA denies the allegations and averments set forth in Paragraph 27 of the Plaintiffs' Complaint.

28. ICOA can neither admit nor deny the allegations and averments set forth in Paragraph 28 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent a response to the allegations and averments set forth in said Paragraph 28 is required, ICOA denies the same.

29. ICOA can neither admit nor deny the allegations and averments set forth in Paragraph 29 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent a response to the allegations and averments set forth in said Paragraph 28 is required, ICOA denies the same.

30. ICOA denies the allegations and averments set forth in Paragraph 30 of the Plaintiffs' Complaint.

31. ICOA denies the allegations and averments set forth in Paragraph 31 of the Plaintiffs' Complaint.

32. ICOA denies the allegations and averments set forth in Paragraph 32 of the Plaintiffs' Complaint.

**COUNT II**
**(Breach of Oral Contract/Specific Performance against ICOA)**

33. ICOA denies the allegations and averments set forth in Paragraph 33 of the Plaintiffs' Complaint.

34. ICOA denies the allegations and averments set forth in Paragraph 34 of the Plaintiffs' Complaint.

35. ICOA denies the allegations and averments set forth in Paragraph 35 of the Plaintiffs' Complaint.

36. ICOA denies the allegations and averments set forth in Paragraph 36 of the Plaintiffs' Complaint.

37. ICOA denies the allegations and averments set forth in Paragraph 37 of the Plaintiffs' Complaint.

38. ICOA can neither admit nor deny the allegations and averments set forth in Paragraph 38 of the Plaintiffs' Complaint insofar as they state conclusions of law to which no response is required; however, to the extent a response to the allegations and averments contained in said Paragraph 38 is required, ICOA denies the same.

39. ICOA denies the allegations and averments set forth in Paragraph 39 of the Plaintiffs' Complaint.

40. ICOA denies the allegations and averments set forth in Paragraph 40 of the Plaintiffs' Complaint.

**COUNT III**
**(Fraud as Against ICOA)**

41. ICOA denies the allegations and averments set forth in Paragraph 41 of the Plaintiffs' Complaint.

42. ICOA denies the allegations and averments set forth in Paragraph 42 of the Plaintiffs' Complaint.

43. ICOA denies the allegations and averments set forth in Paragraph 43 of the Plaintiffs' Complaint.

44. ICOA denies the allegations and averments set forth in Paragraph 44 of the Plaintiffs' Complaint.

45. ICOA denies the allegations and averments set forth in Paragraph 45 of the Plaintiffs' Complaint.

46. ICOA denies the allegations and averments set forth in Paragraph 46 of the Plaintiffs' Complaint.

47. ICOA denies the allegations and averments set forth in Paragraph 47 of the Plaintiffs' Complaint.

**COUNT IV**
**(Fraud against Strouthopoulos and Vahlsing)**

48. ICOA admits only that, at varying times, during its course of dealing with the Plaintiffs, certain of its officers interfaced with the Plaintiffs, such as GS and/or EV, in their capacity as officers of ICOA. ICOA denies each and every remaining allegation and averment set forth in Paragraph 48 of the Plaintiffs' Complaint.

49. ICOA denies the allegations and averments set forth in Paragraph 49 of the Plaintiffs' Complaint.

50. ICOA denies the allegations and averments set forth in Paragraph 50 of the Plaintiffs' Complaint.

51. ICOA denies the allegations and averments set forth in Paragraph 51 of the Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' claims are precluded by their failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiffs' claims are precluded by their lack of privity.

### Third Affirmative Defense

The Plaintiffs' claims are precluded by their lack of contractual relationship with the Defendants.

### Fourth Affirmative Defense

The Plaintiffs' claims are precluded by their own failure of performance.

### Fifth Affirmative Defense

The Plaintiffs' claims are precluded by impossibility of performance

### Sixth Affirmative Defense

The alleged contractual agreement is void, voidable and/or unenforceable as against public policy.

### Seventh Affirmative Defense

The Plaintiffs' claims are precluded by lack of mutuality of agreement.

**Eighth Affirmative Defense**

The Plaintiffs' claims are precluded by lack of mutuality of obligation.

**Ninth Affirmative Defense**

The Plaintiffs' claims are precluded by lack of offer.

**Tenth Affirmative Defense**

The Plaintiffs' claims are precluded by lack of acceptance.

**Eleventh Affirmative Defense**

The Plaintiffs' claims are precluded by lack of legal consideration.

**Twelfth Affirmative Defense**

The Plaintiffs' claims are precluded by their own misfeasance and/or malfeasance.

**Thirteenth Affirmative Defense**

The Plaintiffs' claims are precluded by their own negligence.

**Fourteenth Affirmative Defense**

The Plaintiffs' claims are precluded by the doctrine of laches.

**Fifteenth Affirmative Defense**

The Plaintiffs' claims are precluded by the doctrine of estoppel.

**Sixteenth Affirmative Defense**

The Plaintiffs' claims are precluded by the doctrine of waiver.

**Seventeenth Affirmative Defense**

The Plaintiffs' claims are precluded by the doctrine of unclean hands.

**Eighteenth Affirmative Defense**

The Plaintiffs' claims are precluded by their own breach of contract or agreement.

**Nineteenth Affirmative Defense**

The Plaintiffs' claims are precluded insofar as any alleged injuries, losses and/or damages they purportedly incurred are the direct and proximate result of the conduct and/or actions of a third party over which ICOA exercised no dominion or control.

**Twentieth Affirmative Defense**

The Plaintiffs' claims are precluded by their own mispresentation.

**Twenty-First Affirmative Defense**

The Plaintiffs' claims are precluded by their own fraud.

**Twenty-Second Affirmative Defense**

The Plaintiffs' claims are precluded insofar as their Complaint lacks merit and the requisite good faith basis as otherwise required by Rule 11 of the Federal Rules of Civil Procedure.

**Twenty-Third Affirmative Defense**

The Plaintiffs' purported fraud claims against ICOA are precluded insofar as the same have not been pled with the requisite specificity.

**Twenty-Fourth Affirmative Defense**

The Plaintiffs' claims are precluded by novation.

**Twenty-Fifth Affirmative Defense**

The Plaintiffs' claims are precluded by rescission.

**Twenty-Sixth Affirmative Defense**

ICOA hereby reserves the right to so amend the within answer, and add such additional affirmative defenses as may be necessary, and appropriate, when, and if, such additional affirmative defenses become known during the course of the instant litigation.

WHEREFORE, ICOA respectfully prays that this Court dismiss and deny the Plaintiffs' Complaint, with prejudice, that this Court enter judgment in favor of the ICOA and against the Plaintiffs, and each of them, jointly and severally, that this Court award to ICOA any and all reasonable attorneys' fees, costs and other expenses incurred in the defense of the Plaintiffs' Complaint in this matter, and that this Court award ICOA such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

ICOA, Inc.,

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: November 22, 2004

**Jury Demand**

Defendant ICOA, Inc., hereby demands a trial by jury on all counts so triable.

**COUNTERCLAIM**

**Parties**

1. Plaintiff-in-Counterclaim, ICOA, Inc. ("ICOA") is a duly organized and existing corporation pursuant to the laws of the State of Nevada, having its principal place of business located at 111 Airport Road, Warwick, Rhode Island.

2. Upon information and belief, Defendant-in-Counterclaim, SSJ Enterprises, LLC ("SSJ") is a duly organized and existing limited liability company pursuant to the laws of the State of New York, having its principal place of business located in Brooklyn, New York.

3. Upon information and belief, Defendant-in-Counterclaim Street Search, LLC ("Street Search") is a duly organized and existing limited liability company pursuant to the laws of the State of New Jersey, having its principal place of business located in Rumson, New Jersey.

**Allegations Common to All Counts**

4. In or about December, 2003, ICOA was contacted by stockbroker Leighton W. Stallones ("Stallones"), who indicated to ICOA that he wanted to be added to the list of potential and/or interested investors and/or brokers relative to ICOA. ICOA complied with Stallones' request.

5. On or about December 19, 2003, Stallones inquired of ICOA as to who handled ICOA's investor relations, public relations and/or marketing services. During the course of this discussion, ICOA informed Stallones that although ICOA was interviewing candidates to perform these tasks, ICOA had yet to engage any such person or entity to perform the same on behalf of ICOA. In response, Stallones indicated to ICOA that he may be able to introduce it to an appropriate individual(s) and/or firm(s) for the same.

6. On or about January 9, 2004, Stallones contacted ICOA and furnished it with contact information for SSJ and Street Search as potential parties or entities to perform investor relations, public relations and/or marketing services on behalf of ICOA.

7. In or about mid-January, 2004, ICOA spoke by telephone with SSJ and Street Search about the possibility of those entities performing investor relations, public relations

and/or marketing services for ICOA. Further, on or about January 23, 2004, ICOA again spoke with the representatives of SSJ and Street Search with respect to the same.

8. On or about February 20, 2004, SSJ and Street Search requested that ICOA draft or outline a proposed compensation structure for the parties' contemplated business relationship even though the parties had not concluded the negotiations of the material terms and conditions of any contract for the proposed investor relations, public relations and/or marketing services, including without limitation the scope of services to be performed for compensation, and the performance benchmarks or milestones that would trigger payment of compensation.

9. On or about February 24, 2004, ICOA received from SSJ and Street Search a signed draft or outline of a proposed compensation structure that was previously forwarded to SSJ and Street Search relative to the parties' contemplated business relationship.

10. Notwithstanding the February 24, 2004 outline, beginning in early March, 2004, and continuing into early-June, 2004, ICOA, SSJ and Street Search were continuing negotiations in an effort to reach a meeting of the minds as to the material terms and conditions of any agreement for performance of services and an award of compensation for performance of the same.

11. During this time, and with the knowledge of both parties, the outline was not being performed, nor was it being reported or disclosed in any way, pursuant to applicable regulations or industry standards. Furthermore, the parties were aware and determined, there would be no performance, reporting or disclosure until an agreement by and between the parties was reached.

12. The parties were unable to reach agreement.

13. On or about June 14, 2004, SSJ and Street Search, despite the parties' failure to reach agreement to the material terms and conditions of an agreement for the performance of scope of services and a compensation structure thereunder, delivered to ICOA a draft complaint for breach of contract alleging that the outline was an enforceable agreement.

14. Moreover, SSJ and Street Search informed third parties investing in ICOA that SSJ and Street Search were entitled to a significant number of shares of stock in ICOA, and that the so-called outline circulated by and among ICOA, SSJ and Street Search was an enforceable agreement that had been breached.

**COUNT I**
**Declaratory Judgment**

15. ICOA hereby realleges and incorporates by reference Paragraphs 1 through 14 of its Counterclaim as if the same was set forth more fully herein.

16. Their rights, status and legal standings of the parties are governed by their conduct in course of dealing.

17. A dispute has arisen in connection therewith.

WHEREFORE, ICOA respectfully prays that this Court enter an order that provides as follows:

a. A declaration by this Court that the February 24, 2004 outline of a potential compensation structure, without delineating the scope of services to be performed, performance milestones that would trigger compensation and other material terms is not a legally valid, binding and/or enforceable agreement.

b. A declaration by this Court that the February 24, 2004 outline, if declared to be a contract, would be impossible to perform.

c. A declaration by this Court that the February 24, 2004 outline proposal was void, voidable, and/or unenforceable as being against public policy.

d. An award to ICOA of any and all attorneys' fees, costs, and other disbursements or expenses incurred by ICOA as a result of the above-entitled action.

e. An award to ICOA of such other and further relief as this Court may deem fair, just and meet.

**COUNT II**
**Novation**

18. ICOA hereby realleges and incorporates by reference Paragraphs 1 through 17 of its Counterclaim as if the same was set forth more fully herein.

19. The rights, status and legal standing of the parties are governed by their conduct and course of dealing.

20. A dispute has arisen in connection therewith.

WHEREFORE, ICOA respectfully prays that this Court enter an order that provides as follows:

a. To the extent that ICOA, SSJ and Street Search entered into an agreement, the parties' subsequently agreed to invalidate same and enter into a new agreement.

b. To the extent that ICOA, SSJ and Street Search entered into an agreement, the parties, by and through their conduct, course of dealing and/or actions, intended to, and did, substitute a later agreement for the earlier agreement.

c. To the extent that ICOA, SSJ and Street Search entered into an agreement, the parties, by and through their conduct, course of dealing and/or actions,

established a later agreement that was a substitute for, and superseded, any and all prior agreements by and between the parties.

d. To the extent that ICOA, SSJ and Street Search entered into an agreement, the parties, by and through their conduct, course of dealing and/or actions, obviated any such prior agreement by novation *vis-à-vis* a later or subsequent agreement

e. An award to ICOA of any and all attorneys' fees, costs and other disbursements or expenses incurred by ICOA as a result of the above-entitled action.

f. An award to ICOA of such other further relief as this Court may deem fair, just and meet.

**COUNT III**
**Misrepresentation**

21. ICOA hereby realleges and incorporates by reference Paragraphs 1 through 20 of its Counterclaim as if the same was set forth more fully herein.

22. SSJ and Street Search, and each of them, made misrepresentations of material fact to ICOA.

23. ICOA relied on said misrepresentations.

24. ICOA relied on such misrepresentations to its detriment.

25. As a direct and proximate result of SSJ and Street Search's wrongful conduct, ICOA has been, and continues to be, damaged.

WHEREFORE, ICOA demands judgment against SSJ and Street Search, and each of them, jointly and severally, in an amount to be proven at trial, plus interest thereon, together with

any and all reasonable attorneys' fees, and such other further relief as this Court may deem fair, just and meet.

**COUNT IV**
**Fraud**

26. ICOA hereby realleges and incorporates by reference Paragraphs 1 through 25 of its Counterclaim as if the same was set forth more fully herein.

27. On or about February 24, 2004, SSJ and Street Search made misrepresentations of material fact to ICOA as to the fact that the parties' outline proposal did not contain the material terms and conditions of an agreement to be entered into by and between the parties.

28. Thereafter, at varying times between February 24, 2004, and June 7, 2004, SSJ and Street Search continued to make such misrepresentations to ICOA as the parties continued to endeavor to negotiate the material terms and conditions of the parties to be entered into.

29. The misrepresentations of material fact by SSJ and Street Search to ICOA were willful and knowing, and, further, was deliberately intended to mislead and/or defraud ICOA

30. ICOA relied on said misrepresentations of material fact.

31. ICOA relied on such misrepresentations of material fact to its detriment.

32. As a direct and proximate result of SSJ and Street Search's wrongful conduct, ICOA has been, and continues to be, damaged.

WHEREFORE, ICOA demands judgment against SSJ and Street Search, and each of them, jointly and severally, in an amount to be proven at trial, plus interest thereon, together with any and all reasonable attorneys' fees, and such other further relief as this Court may deem fair, just and meet.

**COUNT V**
**Tortious Interference with Business Relations**

33. ICOA hereby realleges and incorporates by reference Paragraphs 1 through 32 of its Counterclaim as if the same was set forth more fully herein.

34. SSJ and Street Search, and each of them, knew of certain contractual relationships and/or potential other business relationships, by and between ICOA and certain equity partners.

35. SSJ and Street Search, and each of them, tortiously interfered with said contracts and/or business relationships.

36. Said tortious interference was willful and knowing.

37. As a direct and proximate result of SSJ and Street Search's tortious conduct, ICOA has been, and continues to be, damaged.

WHEREFORE, ICOA demands judgment against SSJ and Street Search, and each of them, jointly and severally, in an amount to be proven at trial, plus interest thereon, together with any and all reasonable attorneys' fees, and such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

ICOA, Inc., George Strouthopoulos, and
Erwin Vahlsing, Jr.

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: November 22, 2004

**Jury Demand**

Defendants ICOA, Inc., hereby demand a trial by jury on all counts so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 22nd day of November, 2004:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832