UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, PLAINTIFFS** | : | |
| **VS.** | : | **C.A. NO.: 04-0435/T** |
| **ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., DEFENDANTS** | : | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' MANDATORY INITIAL DISCLOSURES**

NOW COMES defendants Icoa, Inc. ("Icoa"), George Strouthopoulos ("Strouthopoulos"), and Ervin Vahlsing, Jr. ("Vahlsing") (collectively hereinafter referred to as the "Defendants"), by and through counsel, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and hereby move this Court for an order compelling plaintiffs SSJ Enterprises ("SSJ") and Street Search, LLC ("Street Search") (collectively hereinafter as the "Plaintiffs"), and each of them, to make their mandatory initial disclosures to the Defendants in accordance with Rule 26(a)(1) within two (2) days of the hearing date of the written motion, or not less than five (5) days prior to the scheduled February 10th pretrial conference in the instant action, which ever date is earlier.

On November 10, 2004, the Defendants communicated with Plaintiffs, and requested that the parties engage in the required Rule 26(f) discovery scheduling conference. See Defendants' correspondence, dated November 10, 2004, attached hereto as Exhibit "A". On December 1, 2004, the Plaintiffs responded to the Defendants, and advised that they were not willing to engage in the Rule 26(f) discovery settlement conference until such time as they had answered

9

Icoa's Counterclaim, which was due on or before December 13th. See Plaintiffs' correspondence, dated December 1, 2004, attached hereto as Exhibit "B".

Subsequently, on December 23, 2004, Defendants forwarded to the Plaintiffs a communication referencing the December 21st Rule 26(f) conference that had occurred between the parties, which said correspondence confirmed that the parties agreement to exchange their mandatory initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, on or before January 5, 2005. See Defendants' correspondence, dated December 23, 2004, attached hereto as Exhibit "C". The Plaintiffs never objected to, opposed or otherwise responded to the Defendants' December 23rd letter.

On January 5, 2005, Defendants forwarded their mandatory initial disclosures to the Plaintiffs, as agreed, together with a covering correspondence directed to the Plaintiffs, again, referencing the December 21st Rule 26(f) conference, and the parties' resulting agreement to exchange their mandatory initial disclosures on or before January 5th. See Defendants' correspondence, dated January 5, 2005, attached hereto as Exhibit "D".

On January 6, 2005, having still yet to receive the Plaintiffs' mandatory initial disclosures, Defendants corresponded with Plaintiffs pursuant to Rule 37, and requested the Plaintiffs immediately forward their mandatory initial disclosures per the parties' December 21st agreement, and, in no event to provide the same to the Plaintiffs by the close of business on January 7th. See Defendants' correspondence, dated January 6, 2005, attached hereto as Exhibit "E".

The Plaintiffs, and each of them, have not yet provided their mandatory Rule 26(a)(1) initial disclosures to the Defendants as was agreed to by and between the parties on December 21st.

Accordingly, the Defendants now request an order compelling the Plaintiffs to make their mandatory initial disclosures to Defendants, forthwith.

WHEREFORE, for the foregoing reasons, the Defendants pray for an order compelling the Plaintiffs to make their mandatory initial disclosures, pursuant to Rule 26(a)(1), to the Defendants within two (2) days of any hearing hereon or not later than five (5) days prior than the scheduled February 10th pretrial hearing in this matter, which ever date is earlier, that the Defendants be awarded any and all attorneys' fees incurred in their preparation, and prosecution, of the within motion, and that the Defendants be awarded such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

ICOA, Inc., George Strouthopoulos, and
Erwin Vahlsing, Jr.

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: January 11, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail and via facsimile upon the following on this 11th day of January, 2005:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832

FERRUCCI RUSSO P.C.
*COUNSELLORS AT LAW*

*W. Mark Russo*
*mrusso@frlawri.com*

*Christopher M. Mulhearn*
*cmulhearn@frlawri.com*

November 10, 2004

***Via facsimile & via e-mail***

Howard E. Walker, Esq.
P.O. Box 299
Hope Valley, RI 02832

***Re: SSJ Enterprises, LLC and Street Search, LLC v. ICOA, Inc., George Strouthopoulos and Erwin Vahlsing, Jr.***
***C.A. No.: 04-0435/T***

Dear Howard:

We would like to schedule Rule 26(f) conference for sometime next week. Our availability is as follows: November 16th and 18th in the afternoon, November 17th at 3:00 p.m., or November 19th, after 3:00 p.m.

In light of our answer date being November 22, 2004, we suggest that the mandatory disclosures be made by December 2, 2004.

As far as time for discovery, we would suggest four (4) months, but obviously we can discuss discovery deadlines when we confer.

Sincerely,

W. MARK RUSSO
CHRISTOPHER M. MULHEARN

WMR/was
cc: Mr. Erwin Vahlsing, Jr. *(via facsimile)*
Mr. George Strouthopoulos *(via facsimile)*

(B)

**Howard E. Walker**
**Attorney at Law**
**P.O. Box 299**
**Hope Valley, RI 02832**
Phone: 401 539-6767 Fax: 401 539-0066
E-mail: hewlaw@direcway.com

DEC 02 2004

December 01, 2004
File no. 019/04-043

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street
4th Floor
Providence, RI 02903

Re: SSJ Enterprises, et als. v. - ICOA Corporation et als.

Gentlemen:

I have before me several documents you have sent me recently asking for discovery in this case. These include requests for production, with service dates of November 22, addressed to SSJ and Street Search; a notice and subpoena for a January 7, 2005 deposition of Stephen Jemal; a notice and subpoena for a December 7, 2004 deposition of Jeff Podessa (sic); an emailed letter dated November 29 asking for prompt production of RI licenses held by my clients; and, finally, a faxed letter dated December 1, repeating the request in the letter of November 29 and referencing our telephone discussion of that date.

As I told Mr. Mulhearn during that discussion, in my opinion all of these requests for discovery are irregular, unauthorized by the rules of civil procedure, and of no legal effect.

As you know, Rule 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)", absent an agreement or court order to the contrary. I told Mr. Mulhearn that. He told me the discovery requests stand, and that would be up to me to seek relief from the court. I respectfully disagree. The Rule is clear that it is the party *seeking discovery* before the Rule 26(f) conference who must seek relief, which is available only upon a showing of good cause. *Song v. Dreamtouch, Inc.*, 2001 WL 487413 (S.D.N.Y. 2001); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002).

If you can cite me contrary authority, which I doubt you can, I will of course be happy to reconsider my position. Until such time, I consider your discovery requests to be a nullity.

I would further point out to you that Mssrs. Podesta and Jemal are not parties to this action, and they live outside this District and beyond the territorial limit of the court's subpoena powers. The deposition notices and subpoenas are nullities for this additional reason.

My answer to your counterclaim is not due until December 13, and I will need all of that time to confer with my clients regarding appropriate defenses and to determine what initial disclosures would be appropriate. I would suggest we schedule our Rule 26(f) conference for some date after December 13. I will be on vacation December 21 through January 2. Meanwhile, I would suggest you cancel the depositions you've scheduled for December 7 and January 7, since nobody will be there.

Very truly yours,

Howard E. Walker

C

# FERRUCCI RUSSO P.C.

*COUNSELLORS AT LAW*

*Christopher M. Mulhearn*
*cmulhearn@frlawri.com*

December 23, 2004

***Via facsimile & via first-class mail***

Howard E. Walker, Esq.
P.O. Box 299
Hope Valley, RI 02832

***Re:*** ***SSJ Enterprises, LLC and Street Search, LLC v. ICOA, Inc., George Strouthopoulos and Erwin Vahlsing, Jr.***
***C.A. No.: 04-0435/T***

Dear Howard:

Reference is made to our December 21st Rule 26(f) conference in connection with the above-identified matter.

This communication will confirm that the parties will exchange their mandatory initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, on January 5, 2005.

As discussed, we have no objection to a five and a half (5 1/2) month discovery period, with discovery being concluded on or before June 17, 2005. Further, we are agreeable that the parties may have up to, and including, June 20th, within which to file any appropriate dispositive motions.

As you are aware, we do not agree with your suggestion that the parties engage in a bifurcated discovery schedule. Particularly, we do not consent to the exchange of written discovery for a period of time, with depositions to occur at some point thereafter.

We have indicated on several occasions that it is our intention to take the depositions of the principals of your respective clients as soon as is practicable. During our discussion of this past Tuesday you indicated that you have not taken a final position as to whether or not you will make Messrs. Podessa and Jamel available for deposition voluntarily. We have indicated that we desire to have a response to our inquiry regarding your position on these depositions by no later than January 5th. You stated that you will apprise us of the same by that date.

In the event that we do not hear from you regarding this issue by January 5th it is our intention to move the District Court for an appropriate order compelling Messrs. Podessa and Jemal's attendance at deposition. We look forward to hearing from you in this regard.

Further, as you know, we have already propounded our clients' request for production of documents. We trust that now that the parties have engaged in their Rule 26(f) conference that you will timely comply with these discovery requests in accordance with the Federal Rules of Civil Procedure.

Should you have any questions or thoughts regarding this matter, please do not hesitate to contact us.

Thank you for your anticipated cooperation and prompt attention to this matter.

Sincerely,

CHRISTOPHER M. MULHEARN

CMM/mcb

cc: W. Mark Russo, Esq. *(via hand delivery)*
Erwin Vahlsing, Jr., Chief Financial Officer, ICOA, Inc. *(via facsimile)*
Mr. George Strouthopoulos, Chief Executive Officer, ICOA, Inc. *(via facsimile)*

FERRUCCI RUSSO P.C.
COUNSELLORS AT LAW

*Christopher M. Mulhearn*
*cmulhearn@frlawri.com*

January 5, 2005

***Via facsimile***
***& via first-class mail***

Howard E. Walker, Esq.
P.O. Box 299
Hope Valley, RI 02832

***Re: SSJ Enterprises, LLC and Street Search, LLC v. ICOA, Inc., George Strouthopoulos and Erwin Vahlsing, Jr.***
***C.A. No.: 04-0435/T***

Dear Howard:

Reference is made to our December 21st Rule 26(f) conference in connection with the above-entitled action. We enclose defendants Icoa, Inc., George Strouthopoulos and Erwin Vahlsing, Jr.'s manadatory initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

As you no doubt recall, we agreed at the Rule 26(f) conference, as confirmed by our December 23rd communication, that the parties would exchange their mandatory initial disclosures on or before January 5th. Accordingly, we enclose the same.

As you know, we have the categories of documents and/or items described in the enclosed initial disclosures available at our office for inspection and copying at your convenience. We would suggest that you contact Wendy in our office in order to arrange for a convenient date and time for you to review the same. Of course, we will make a conference room available for you to undertake, and complete, this endeavor.

On a related note, during our December 21st meeting you indicated that you would advise us by no later than today as to your clients' position with respect to making Messrs. Jemal and Podesta available for deposition in this matter. You stated that you were yet to take a formal position regarding this issue, and, further, that you wanted to take the holiday time to reflect upon the same.

55 Pine Street • Providence, RI 02903
Phone: (401) 455-1000 • Fax: (401) 455-7778
www. frlawri.com

As such, given that the holidays have now concluded, advise as to whether Messrs. Jemal and Podesta will voluntarily submit to depositions in Rhode Island. As previously represented by us, to the extent that they are not so agreeable, it is our intention to immediately seek the appropriate relief from the District Court, and, further, move the Court forthwith for an order compelling their attendance at depositions in Rhode Island in this matter. We await your advice in this regard.

Sincerely,

CHRISTOPHER M. MULHEARN

CMM/was
Enclosure
cc: Mr. George Strouthopoulos, Chief Executive Officer, Icoa, Inc. (w/encl.) *(via first-class mail)*
Mr. Erwin Vahlsing, Jr., Chief Financial Office, Icoa, Inc. (w/encl.) *(via facsimile)*
W. Mark Russo, Esq. (w/o encl.) *(via hand delivery)*

E

# FERRUCCI RUSSO P.C.

COUNSELLORS AT LAW

*Christopher M. Mulhearn*
*cmulhearn@frlawri.com*

January 6, 2005

***Via facsimile & via first-class mail***

Howard E. Walker, Esq.
P.O. Box 299
Hope Valley, RI 02832

*Re:* ***SSJ Enterprises, LLC and Street Search, LLC v. ICOA, Inc., George Strouthopoulos and Erwin Vahlsing, Jr.***
C.A. No.: 04-0435/T

Dear Howard:

We write in accordance with the provisions of Rule 37 of the Federal Rules of Civil Procedure.

As you know, the parties agreed to exchange their respective mandatory initial disclosures, pursuant to Rule 26(a)(1), on or before January 5th.

Per our agreement, the defendants have provided you with their mandatory initial disclosures. We have yet to receive the plaintiffs' mandatory disclosures in this matter.

We request that you immediately forward the same to our attention, and, in any event, by no later than the close of business tomorrow, January 7th. To the extent that your clients fail and/or refuse to comply with the express provisions of Rule 26, as well as their agreement of December 21st in a timely fashion, it is our intention to immediately move the District Court for an appropriate form of order compelling the same, and for other related relief.

We are hopeful that this matter may be resolved without the necessity of court intervention.

Sincerely,

CHRISTOPHER M. MULHEARN

cc: Mr. George Strouthopoulos, Chief Executive Officer, Icoa, Inc. *(via facsimile)*
Mr. Erwin Vahlsing, Jr., Chief Financial Office, Icoa, Inc. *(via facsimile)*
W. Mark Russo, Esq. (w/o encl.) *(via hand delivery)*