**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC,** **PLAINTIFFS** | : | |
| **VS.** | : | **C.A. NO.: 04-0435/T** |
| **ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR.,** **DEFENDANTS** | : | |

**ICOA, Inc.'s Motion for Protective Order**

NOW COMES defendant, ICOA, Inc. ("ICOA"), by and through counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure, and hereby moves this Court for the entry of an order of protection permitting or allowing ICOA from answering and/or otherwise responding to any and all areas of intended inquiry set forth in plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs") Rule 30(b)(6) deposition notice (the "Deposition Notice"), dated August 17, 2005, relative to ICOA's financial status and/or condition, and, more particularly, protecting ICOA from answering and/or otherwise responding to category numbers 3 through 5 set forth in the Deposition Notice. *See* Deposition Notice appended hereto as Exhibit A.

Exhibit A appended to the Deposition Notice delineates or identifies certain areas of intended inquiry that the Plaintiffs presumably will address at ICOA's Rule 30(b)(6) deposition, which is scheduled for August 29, 2005. In particular, certain of these areas of intended inquiry specifically are aimed at determining ICOA's financial status and/or condition at varying times, which said status and/or condition, is not an issue in this matter - a "garden variety" commercial dispute. The Deposition Notice delineates certain areas of inquiry, in pertinent part, as follows:

3. ICOA's cash on hand and in banks at December 31, 2003, and weekly during the first six months of 2004.
4. The amount of cash available to ICOA - under the terms of any line of credit or other credit facility - at December 31, 2003 and weekly during the first six months of 2004.

5. The amount of ICOA's weekly payroll as of December 31, 2003 and during the first six months of 2004.

It is well-settled that the trial court enjoys considerable discretion in deciding discovery matters, and all matters relating thereto. *See Food Lion, Inc. v. United Food and Commercial Workers International Union*, 103 F. 3d 1007, 1012 (D.C. Cir. 1997).

The present action is merely a matter involving the alleged breach of a purported commercial agreement by and among ICOA, SSJ and Street Search. ICOA's financial status and/or condition is not an issue in the instant litigation.

Simply put, the Plaintiffs have alleged that in or about February, 2004, ICOA entered into a purported agreement with the Plaintiffs, wherein the Plaintiffs were engaged to perform a scope of services for certain, agreed-upon compensation. The Plaintiffs contend that they performed the scope of services for which they were purportedly engaged, and ICOA has allegedly failed and/or refuse to compensate them for the same. ICOA asserts that it never entered into any agreement with the Plaintiffs, and, further, that the Plaintiffs did not perform any services for or deliver any value to ICOA.

The principal issue in this case is whether ICOA and the Plaintiffs had a legally valid, binding and/or enforceable agreement upon which the Plaintiffs relied and performed, and, further, whether at any time relevant hereto this alleged agreement was breached.

The areas of inquiry now identified by the Plaintiffs - specifically, category numbers 3 through 5- in the Deposition Notice are nothing more than thinly veiled attempt to improperly discover, and delve into, ICOA's financial status and/or condition. The Plaintiffs should be precluded from the same insofar as this information is not related to the Plaintiffs claims against ICOA as set forth in their Complaint. Accordingly, ICOA's request for relief should be granted.

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part:

> Upon motion by a party...[the court] may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;
> ****

The Plaintiffs' Deposition Notice, in part, is merely asset-based reconnaissance masked as pretrial discovery, and it is the very type of discovery that it typically is appropriate only

during supplementary proceedings. As such, it is improper at this pretrial stage of the present case, and should not be permitted a Rule 30(b)(6) deposition in the instant proceedings.

In Rhode Island it is well-settled that the discovery, such as the Deposition Notice "involves the traditionally private domain of one's personal finances" and, further, "seeks disclosure of unnecessary specific details." *Palmisano v. Toth*, 624 A.2d, 314, 319, (R.I. 1993). *See* also, *Grierman v. Toman*, 185 A.2d 241, 244 (N.J. Super. 1962). For this reason, ICOA's confidential financial information must be protected, and the Plaintiffs prohibited from inquiring regarding the same. Rhode Island courts have previously determined that this very type of discovery is not permissible at this stage of the litigation. *See Palmisano* at 319.

Further, some federal courts have expressly not allowed pretrial discovery of a defendant's financial information. *See John Does I-VI v. Yogi*, 110 F.R.D. 629, 633 (D. D.C. 1986) (discovery of financial status should not be turned over until necessary to prove punitive damages); *Davis v. Ross*, 107 F.R.D. 326, 327-28 (S.D. N.Y. 1985) (court holds it is required to follow state court rule barring discovery of net worth until the trier of fact finds that the plaintiff is entitled to punitive damages) n6; *Chenoworth v. Schaaf*, 98 F.R.D. 587; 589-90 (W.D. Pa. 1983) (discovery barred absent allegations in complaint of facts demonstrating "real possibility" that punitive damages will be at issue); *Rupe v. Fourman*, 532 F. Supp. 344, 350-51 (S.D. Ohio 1981) (in a bifurcated trial, discovery of personal financial status for punitive damages claim not permitted unless and until defendant's liability is established). Given that the information sought by the Deposition Notice is wholly unrelated or immaterial to the Plaintiffs' claims as set forth in their Complaint, the Plaintiffs must not be permitted to inquire into the same at this stage of the case.

Even more, areas of intended inquiry set forth in the Deposition Notice are, in fact, by their very nature, invasive, oppressive, embarrassing, annoying, and, potentially, prejudicial to ICOA. Moreover, the Plaintiffs' unwarranted and inappropriate intended invasion of ICOA's financial status and/or condition, and accompanying premeditated harassment, is little more than veiled attempt on the part of the Plaintiffs to delve into ICOA's confidential and/or proprietary business information without having first met its burden and proven its claim in the underlying action. In essence, this information gives the Plaintiffs a "free shot" at ICOA without having formed any reasonable or legitimate basis for the same, particularly given that this information is completely unrelated and immaterial to the instant case and issues it presents before this Court.

WHEREFORE, ICOA requests that this Court issue an order of protection that permits or allows ICOA not to answer or otherwise respond to category numbers 3 through 5 as set forth in the Deposition Notice at the August 29, 2005 Rule 30(b)(6) deposition, that this Court enter an order precluding the Plaintiffs from inquiring into ICOA's financial status and/or condition at any time, in these proceedings that this Court award to ICOA any and all attorneys' fees and costs incurred in the preparation and prosecution of the within motion, and that this Court award to ICOA such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

ICOA, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: August 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 26th day of August, 2005:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832