UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC and STREET SEARCH, LLC, Plaintiffs<br><br>vs.<br><br>ICOA, INC., GEORGE STROUTHOPOULOS, and ERWIN VAHLSING, JR., Defendants | :<br>:<br>:<br>: | C.A. No. 2004-0435/T |

**NOTICE TO TAKE DEPOSITION**

**To:**

ICOA, Inc.
c/o Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street
4th Floor
Providence RI 02903

Allied Court Reporting
115 Phenix Ave.
Cranston RI 02920

PLEASE TAKE NOTICE that at **10:OO a.m**., on Monday, **August 29, 2005**, at the offices of **Allied Court Reporting, 115 Phenix Avenue., Cranston, RI** 02920, the attorneys for plaintiffs will take the deposition of defendant **ICOA, Inc**., by any one or more officers, directors, or managing agents that the corporation may designate, pursuant to Rule 30(b)(6), to testify on its behalf with respect to the

EXHIBIT
tabbies
A

matters listed on Exhibit A attached hereto. The deposition will be taken by stenographic means before an officer authorized to administer oaths. The deposition will continue from day to day until completed.

Counsel is invited to attend and cross-examine.

By their Attorneys,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: August 17, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of this notice of deposition upon the following counsel by email and first class mail on August 17, 2005 :

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence RI 02903

**EXHIBIT A**

Plaintiffs wish to examine ICOA, Inc. about the following matters:

1. The "Services Agreement" dated February 24, 2004.

2. The relationship between ICOA and Cornell Capital Partners, including:

    a. When, how and by whom the two companies were introduced to each other.

    b. The date of the first contact between the two companies and the names of persons who participated in that contact, and the substance of the contact.

    c. The dates and contents of any agreements or contracts between ICOA and Cornell Capital.

    d. The dates and amounts of any payments of money by Cornell Capital to ICOA, whether as loans, equity investments or for any other purpose, and the terms of any such payments.

    e. The dates, participants, and substance of communications between ICOA and Cornell Capital concerning the Services Agreement between ICOA and plaintiffs and/or the issuance of ICOA stock to plaintiffs.

3. ICOA's cash on hand and in banks at December 31, 2003, and weekly during the first six months of 2004.

4. The amount of cash available to ICOA – under the terms of any line of credit or other credit facility – at December 31, 2003 and weekly during the first six months of 2004.

5. The amount of ICOA's weekly payroll as of December 31, 2003 and during the first six months of 2004.

6. The number of ICOA shares *authorized* as of each of the following dates:

a. December 31, 2003.

b. February 24, 2004.

c. Last day of each month of 2004.

d. August 18, 2005.

7. The number of ICOA shares *issued and outstanding* as of each of the following dates:

a. December 31, 2003.

b. February 24, 2004.

c. Last day of each month of 2004.

d. August 18, 2005.

8. Names of ICOA's officers and directors, the number of ICOA shares (common and preferred) owned by each, and the terms of any stock options held by (or promised to them) as of each of the following dates:

a. December 31, 2003.

b. February 24, 2004.

c. Last day of each month of 2004.

d. August 18, 2005.