UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC and STREET SEARCH, LLC, Plaintiffs | : | C.A. No. 2004-0435/T |
| vs. | : | |
| ICOA, INC., GEORGE STROUTHOPOULOS, and ERWIN VAHLSING, JR., Defendants | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs object to defendants' motion for a protective order against disclosure of certain information that was to be the subject of the Rule 30(b)(6) deposition of defendant ICOA, Inc. The grounds for this objection are set forth in the memorandum below.

By their Attorneys,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: September 6, 2005

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR A PROTECTIVE ORDER**

Plaintiffs on August 17 duly served a notice for the deposition (on Monday, August 29) of defendant ICOA, Inc. under Rule 30(b)(6), appending to the notice a list of eight topics on

which examination was requested. Items 3-5 requested examination as to ICOA's cash on hand and in banks, cash available under lines of credit, and payroll, at December 31, 2003 and for each week for the first half of 2004. At 4:30 pm on Friday, August 26, defendants faxed to plaintiffs' counsel their motion for a protective order against disclosure of this information.

In their motion, defendants assert – based solely on their own *ipsi dixit* – that the "principal issue in this case is whether [plaintiffs and defendants] had a legally binding and enforceable contract," that "ICOA's financial status and/or condition is not an issue in the instant litigation," and that "this information is not related to the Plaintiffs claims against ICOA as set forth in their Complaint." Defendants say that the requested information "is completely unrelated and immaterial to the instant case and issues it presents," that it is the kind of information normally discoverable only in supplementary proceedings or in the punitive damages phase of a case.

A mere glance at the complaint shows how false these assertions are -- that one of the main themes of the complaint is that ICOA hired Plaintiffs to get relief for ICOA's desperate financial situation, that Plaintiffs did so, and that ICOA has not paid Plaintiffs the promised compensation.

Thus, Paragraph 10 alleges that ICOA was, as of December 31, 2003, in such dire straits that its auditors had issued a "going concern opinion" on its financial statements, and that ICOA's survival would depend on new debt and equity financing. Paragraph 11 alleges ICOA sought plaintiffs' help to secure "capital financing . . . with the goal of providing ICOA with adequate working capital, improved market capitalization, and strong operating cash flows." Paragraph 13 alleges that Plaintiffs' efforts "would focus on obtaining new debt and equity funding, and improving marketing, to relieve ICOA's

financial distress." Finally, Paragraph 14 alleges that Plaintiffs were to be compensated in stages, "as various threshold levels of funding were achieved."

Moreover, we should keep in mind that the information at issue does not relate to the *current* financial condition of ICOA -- and its ability to pay a judgment or respond to punitive damages – but to its condition *more than a year ago*, as it provides a context for ICOA's contract with Plaintiffs.

Defendants go on to say –based again on their *ipsi dixit* – that the requested financial information is "confidential" and is "by [its] very nature, invasive, oppressive, embarrassing, annoying, and, potentially, prejudicial to ICOA." In truth, most of the information sought – perhaps excepting payroll information – is included in the quarterly and annual financial statements ICOA, as a public company, is required to file with the SEC, but only as of the end of a quarter or fiscal year (plaintiffs seek the details as of the end of each week of the first half of 2004). Thus, the information is, at least to some extent, a matter of public record, hardly the kind of information that would be considered intrinsically confidential, embarrassing, or oppressive.

At the deposition of ICOA, plaintiffs asked ICOA's Chief Financial Officer what was confidential about the information requested, what about it made it "oppressive, embarrassing, annoying, etc.," and how much trouble it would be for ICOA to provide it. Defendants' counsel objected to all these questions and instructed the witness not to answer, refusing to allow Plaintiffs to make any inquiry into the factual basis for ICOA's motion!

It is easy to see why counsel would be so sensitive about the basis for the motion for protective order: the motion is utterly baseless, indeed frivolous. And to think defendants have the gall to request attorneys fees for bringing it!

For all the foregoing reasons, the court should deny the motion for protective order and order defendants forthwith to provide the information requested.

Respectfully submitted,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the above objection and memorandum upon the following counsel by email and first class mail on September 6, 2005:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence RI 02903

Howard E. Walker