UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SSJ ENTERPRISES, LLC and STREET SEARCH, LLC, Plaintiffs

vs.

ICOA, INC., GEORGE STROUTHOPOULOS, and ERWIN VAHLSING, JR., Defendants

C.A. No. 2004-0435/T

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO COMPEL DOCUMENT PRODUCTION**

Plaintiffs object to defendants' motion to compel production of documents, for the reasons set forth in the memorandum below.

By their Attorneys,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: October 19, 2005

## MEMORANDUM IN SUPPORT OF OBJECTION

Defendants' have moved to compel production of documents itemized in "Exhibit A" to their notices of deposition for Jeffrey Podesta and Stephen Jemal, plaintiffs' principals. Defendants note that plaintiffs objected to the document requests in advance of the depositions and again at the deposition, but say nothing about the grounds for those objections. Defendants say they have "endeavored in good faith to resolve this dispute" – but don't say what those endeavors were – and that plaintiffs "have simply restated their objections." Defendants do not say what plaintiffs objections were, nor do they say why they consider the objections unsound.

Defendants' motion is without merit. The court should deny it.

Let us begin by providing the court with some information curiously missing from defendants' motion papers.

First, the grounds for the objections: 1) *all* of the items on Exhibit A "are redundant and duplicative of requests for production previously served[1] and responded to by plaintiffs[2]"; and 2) "Items 1 through 5 of Exhibit A are further objectionable as calling for matters not relevant to the claim or defense of any party and, therefore, beyond the scope of discovery as defined in Rule 26(b)(1)."

Plaintiffs served this objection nearly 10 days before the depositions. Defendants did not protest, seek relief, or even call plaintiffs' counsel to discuss the matter.

At the depositions – in July -- defense counsel asked the witnesses if they had brought the items on Exhibit A, and plaintiffs' counsel stood on the objections. Defense counsel did not offer any reason why he considered the objections improper or in error. In particular, he did not

[1] On November 22, 2004.
[2] On March 11, 2005.

say how the items on Exhibit A differed from the earlier requests for production, and hence were not redundant, nor did he point out any claim or defense that items 1 through 5 related to.

In fact, Items 1 through 7 of "Exhibit A" are practically identical to items 47 through 52 and item 1, respectively, of defendants' original request for production. Hence, they are completely duplicative.

Similarly, the "scope" objections plaintiffs made to items 1 through 5 of "Exhibit A" were made earlier in response to the corresponding items of the original request for production.

Defendants, in their motion papers, say that our response to "good faith endeavors" to resolve this dispute has been simply to "restate" our objections. That is true, in a sense. But defense counsel has never offered even a single reason why we should withdraw our objections. Even in their motion papers, defendants do not address the merits of our objections. They do not point out any way in which the Exhibit A requests differ from the ones to which plaintiffs had already responded, nor do they offer any reason why our "scope" objections are misplaced.

We asserted our objections in the good faith (as always) belief that Exhibit A is redundant and that items 1 through 5 of it are outside the proper scope of discovery under Rule 26. Defendants' motion to compel does not address the merits of our objections or give any reason why the objections are unsound. Therefore, we stand on those objections. So should the court.

For the foregoing reasons, the court should deny the motion to compel. And since the motion papers provide no basis for granting the motion, the denial should be "on the papers," without the need for a hearing.

Respectfully submitted,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: October 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this objection and memorandum upon the following counsel by first class mail on October 19, 2005.

Christopher M. Mulhearn
Ferrucci Russo P.C.
55 Pine Street
4th Floor
Providence RI 02903