UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, PLAINTIFFS | : | |
| VS. | : | C.A. No.: 04-0435/T |
| ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., DEFENDANTS | : | |

**GEORGE STROUTHOPOULOS & ERWIN VAHLSING, JR.'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT FOUR OF PLAINTIFFS' COMPLAINT**

NOW COMES defendants George Strouthopoulos ("Strouthopoulos") and Erwin Vahlsing, Jr. ("Vahlsing"), and each of them, by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and hereby move this Court for an order granting summary judgment in favor of Strouthopoulos and Vahlsing, and each of them, and against plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs") with respect to Count Four of the Plaintiffs' Complaint in connection with the above-entitled action.

Strouthopoulos and Vahlsing, and each of them, respectfully state, and represent, that there are no genuine issues of material fact with respect to the claim(s) advanced in Count Four, and, as such, Strouthopoulos and Vahlsing, and each of them, are entitled to judgment as a matter of law as to said Count Four.

In support of the within motion, Strouthopoulos and Vahlsing submit the accompanying memorandum, affidavits, and statement of undisputed facts in accord with Local Rule 12 of the Local Rules of the United States District Court for the District of Rhode Island.

Respectfully submitted,

George Strouthopoulos & Erwin Vahlsing, Jr.

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: November 10, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 10th day of November, 2005:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832

Darlene Morris

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, PLAINTIFFS | : | |
| VS. | : | C.A. No.: 04-0435/T |
| ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., DEFENDANTS | : | |

**MEMORANDUM IN SUPPORT OF GEORGE STROUTHOPOULOS & ERWIN VAHLSING, JR.'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT FOUR OF PLAINTIFFS' COMPLAINT**

NOW COMES defendants George Strouthopoulos ("Strouthopoulos") and Erwin Vahlsing, Jr. ("Vahlsing"), and each of them, by and through counsel, and hereby submit the within memorandum in support of their accompanying motion for summary judgment against plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC (Street Search") (collectively, the "Plaintiffs") with respect to Count Four of the Plaintiffs' Complaint, *to wit*, the Plaintiffs' fraud claim directed against Strouthopoulos and Vahlsing, and each of them, individually, in connection with the above-entitled action.

In support of the accompanying motion for summary judgment, Strouthopoulos and Vahlsing, and each of them, respectfully submit, and represent, that there are no genuine issues of material fact with respect to the claim(s) advanced in said Count Four insofar as, at all times relevant hereto, Strouthopoulos and Vahlsing, and each of them, were acting as authorized officers of ICOA, Inc. ("ICOA"), or as agents of a disclosed principal, and, as such, Strouthopoulos and Vahlsing are entitled to judgment as a matter of law with respect to Count Four of the Plaintiffs' Complaint.

Additionally, Strouthopoulos and Vahlsing submit the accompanying affidavits, as well as the statement of undisputed facts, pursuant to Local Rule 12.1 of the Local Rules of the United States District Court for the District of Rhode Island.

**Pertinent Facts**

In or about December, 2003, ICOA was contacted, by and through its Chief Financial Officer, Erwin Vahlsing, Jr. ("Vahlsing"), by stockbroker Leighton W. Stallones ("Stallones"), who contacted ICOA to congratulate it on its recent acquisition of Airport Network Solutions ("ANS"), as well as to indicate to ICOA that he wanted to be added to the list of potential and/or interested investors and/or brokers relative to ICOA. *See Paragraph 2 of the Affidavit of George Strouthopoulos (the "Strouthopoulos affidavit") and Affidavit of Erwin Vahlsing, Jr. (the "Vahlsing affidavit"), respectively.*

Subsequently, later in December, 2003, Stallones, again, contacted ICOA, by and through Vahlsing, and inquired of ICOA as to who handled or performed ICOA's investor relations, public relations and/or market awareness services. *See Paragraph 3 of the Strouthopoulos affidavit and Vahlsing affidavit, respectively.* During the course of this discussion, ICOA informed Stallones that although ICOA was assessing potential candidates to perform these services, ICOA had yet to formally engage any such person(s) or firm(s) to perform the same on behalf and/or for the benefit of ICOA. *Id.* In response, Stallones indicated to ICOA that he may be able to introduce it to an appropriate individual(s) and/or firm(s) to provide these types of services to ICOA. *Id.*

On or about early January, 2004, Stallones contacted ICOA, by and through Vahlsing, and identified two (2) firms he believed may be of interest and/or assistance to ICOA, and, in doing so, furnished Vahlsing with the contact information for SSJ and Street Search as potential parties or firms for ICOA to speak with about possibly performing investor relations, public relations and/or market awareness services on behalf and/or for the benefit of ICOA in the future. *See Paragraph 3 of the Strouthopoulos affidavit and Vahlsing affidavit, respectively.*

In or about mid-January, 2004, ICOA, by and through Vahlsing, made initial contact, by telephone, with SSJ and Street Search, by and through their respective principals, in order to learn more about SSJ and Street Search and their experience, as well as to discuss the possibility of these firms performing investor relations, public relations and/or market awareness services for ICOA in the future. *See Paragraph 4 of the Vahlsing affidavit.* During the month of January, 2004, Vahlsing and ICOA's Chief Executive Officer and President, Strouthopoulos, continued to engage in discussions and/or negotiations with SSJ and Street Search relative to a possible business arrangement by and among ICOA, SSJ and Street Search. *See Paragraph 5 of the Strouthopoulos*

*affidavit and Vahlsing affidavit, respectively.* At all times relevant to the subject matter of the instant litigation, Strouthopoulos and Vahlsing and each of them, identified, represented and held themselves out as officers and/or agents of ICOA, *to wit*, ICOA's Chief Executive Officer and President and Chief Financial Officer, respectively, and, thus, were acting in those capacities during the discussions and/or negotiations with SSJ and Street Search. *Id.*

Thereafter, at varying times during February, 2004, while the parties continued to discuss and/or negotiate a potential business arrangement or relationship, SSJ and Street Search requested that ICOA draft or outline a possible business arrangement structure in the event that the parties were to conclude their negotiations and reach agreement as to the material terms and conditions of any agreement with and/or engagement of SSJ and Street Search to perform certain investor relations, public relations and/or market awareness services for ICOA. *See Paragraph 6 of the Strouthopoulos affidavit and Vahlsing affidavit, respectively.*

On or about February 20, 2004, Vahlsing designed and forwarded to SSJ and Street Search the requested draft or outline of a possible business structure relative to the parties' contemplated and being discussed, and negotiated, business arrangement. *See Paragraph 7 of the Vahlsing affidavit.*

On or about February 24, 2004, ICOA received from SSJ and Street Search the "returned" draft or outline of a possible business structure that had been "signed off on" by SSJ and Street Search relative to the parties' ongoing discussions and negotiations in connection with the potential business arrangement. *See Paragraph 9 of the Vahlsing affidavit.*

Notwithstanding this February, 2004 writing, from February, 2004, and continuing through early-June, 2004, ICOA, SSJ and Street Search continued in their discussions and/or negotiations in an effort to reach a "meeting of the minds" as to the material terms and conditions of any agreement with or engagement of SSJ and Street Search to perform a certain scope of investor relations, public relations and market awareness services, as well as any compensation associated therewith. *See Paragraph 8 of the Strouthopoulos affidavit and Paragraph 10 of the Vahlsing affidavit, respectively.* Again, at all times during this period, Strouthopoulos and Vahlsing, and each of them, identified, represented and held themselves out in their official capacities on behalf of ICOA, or as ICOA's Chief Executive Officer and President and Chief Financial Officer, respectively. *See Paragraph 9 of the Strouthopoulos affidavit and Paragraph 11 of the Vahlsing affidavit, respectively.* However, despite their efforts, the parties were not able to reach any agreement.

Travel of the Case

In or about October, 2004, the Plaintiffs initiated the instant action against defendants ICOA, Strouthopoulos and Vahlsing (collectively the "Defendants"), and each of them. The Plaintiffs' Complaint advanced claims for a breach of contract/specific performance against ICOA ("Count One"), breach of oral contract/specific performance against ICOA ("Count Two"), fraud against ICOA ("Count Three"), and fraud against Strouthopoulos and Vahlsing ("Count Four"). On or about November 22, 2004, Strouthopoulos and Vahlsing, as well as ICOA, answered the Plaintiffs' Complaint in accord with the applicable Federal Rules of Civil Procedure.[1]

Thereafter, the parties exchanged their mandatory initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and, further, proceeded to engage in discovery as permitted by the Court's Pre-Trial Order entered in this case.

In or about June, 2005, the parties participated in a mandatory settlement conference before Magistrate Judge Lovegreen. Notwithstanding the Court's efforts, the parties were unable to resolve this matter at that time, and continued forward with discovery. Discovery was extended by the Court, and is now being concluded, concluded and/or supplemented by the parties.

As part of the discovery process on July 27, 2005, the Defendants took the deposition of Jeff Podesta ("Podesta"), the principal of Street Search. Further, on July 28, 2005, the Defendants took the deposition of SSJ's principal, Stephen Jemal ("Jemal"). It was during the course of these depositions that both Podesta and Jemal, and each of them, testified that neither had any evidence or could otherwise proffer any testimony to support the fraud claim(s) asserted in Count Four of Plaintiffs' Complaint against either Strouthopoulos or Vahlsing, in their individual capacities. In fact, both Podesta and Jemal clearly testified that, at all times relevant to the subject matter of the instant case, it was their understanding that Strouthopoulos and Vahlsing, and each of them, were acting in their capacities as officers of ICOA, or as agents of a disclosed principal, *to wit*, ICOA.

Summary Judgment Standard

A summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

[1] ICOA also advanced a Counterclaim against the Plaintiffs at or about the same time.

of law." *Uncle Henry's, Inc. v. Plaut Consulting Co., Inc.*, 399 F.3d 33, 41 (1st Cir. 2005). *See also*, Fed. R. Civ. Pro. 56(c).

The role of summary judgment is to look behind the façade erected by the pleadings and assay the parties' proof in order to determine whether a trial will serve any useful purpose. *Mulvihill v. Top-Flight Golf Company*, 335 F.3d 15, 19 (1st Cir. 2003), citing *Plumley v. S. Container, Inc.* 303 F.3d 364, 368 (1st Cir. 2002). Conventional summary judgment practice requires moving party to assert the absence of genuine issue of material fact and then support the assertion by affidavits, admissions or other materials of evidentiary quality. *Mulvihill*, 335 F.3d at 19, citing *Quintero de Quintero v. Aponte-Roque*, 974 F2d 226, 227-228 (1st Cir. 1992). Once the movant has done its part, the burden shifts to the summary judgment target to demonstrate that a trial-worthy issue exists. *Mulvihill*, 335 F.3d at 19, citing *Suarez v. Pueblo International, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000).

Although the standard to be applied in a summary judgment setting may appear to be liberal, any such liberality does not relieve the non-movant of the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe. *Mulvihill*, 335 F.3d at 19, citing *Morris v. Government Dev. Bank*, 27 F.3d 746, 748 (1st Cir. 1994). Moreover, the factual conflicts relied upon by the non-movant must be both genuine and material. *See* Fed. R. Civ. Pro. 56(c). For this purpose, "genuine" means that evidence is such that a reasonable factfinder could resolve the point in favor of the non-movant party, and "material" means that the fact might is one that might affect the outcome of the suit under the applicable law. *Morris*, 27 F.3d 748.

In the present action it is clear that the Plaintiffs always identified and recognized Strouthopoulos and Vahlsing, and each of them, as acting in their capacities as officers of ICOA. Thus, Count Four of the Plaintiffs' Complaint is without any legal basis, and summary judgment should be entered in favor of Strouthopoulos and Vahlsing, and each of them, and against the Plaintiffs.

**At all times both Strouthopoulos and Vahlsing were acting in their capacities as officers of ICOA, and not in their individual capacities, and, thus, they were agents of a disclosed principal and cannot be held personally liable**

It is beyond dispute that, at all times relevant hereto, both Strouthopoulos and Vahlsing, and each of them, were communicating, discussing, corresponding and/or negotiating with SSJ

and Street Search, respectively, on behalf of ICOA, and in their capacities as officers of ICOA. At no time did either Strouthopoulos or Vahlsing ever identify, represent or otherwise hold themselves out to SSJ and/or Street Search as acting in their individual or personal capacities.

Even more, neither SSJ nor Street Search was able to produce any evidence during discovery in the instant action to demonstrate that either Strouthopoulos or Vahlsing ever identified, represented or held themselves out to SSJ and Street Search as something other than officers of ICOA, *to wit*, ICOA's Chief Executive Officer and President and Chief Financial Officer, respectively. Additionally, the Plaintiffs failed to demonstrate that any of Strouthopoulos or Vahlsing's actions exceeded their authority on behalf of ICOA. Thus, given that there are no genuine issues of material fact with respect to the claim(s) advanced by SSJ and Street Search in Count Four of the Plaintiffs' Complaint, Strouthopoulos and Vahlsing, and each of them, are entitled to summary judgment on Count Four as a matter of law.

Under Rhode Island Law it is well-settled that an agent acting on behalf of a disclosed principal is not personally liable to a third-party for acts performed within the scope of his authority. *See Kenny Mfg. Co. v. Starkweather & Shepley, Inc.*, 642 A.2d 203, 209 (RI 1994). "It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third-party for acts performed within the scope of his authority." *Kennett v. Marquis*, 798 A.2d 416, 418 (RI 2002), citing *Cardente v. Maggiacomo Insurance Agency, Inc.*, 272 A.2d 155, 156 (RI 1971); *see also, Kennedy v. Ayala*, 717 A.2d 648, 649 (RI 1998).

In the instant case it is crystal clear that, at all times relevant hereto, during the course of ICOA, SSJ and Street Search's continuing discussions and/or negotiations, from January, 2004, through June, 2004, Strouthopoulos and Vahlsing, and each of them, were acting as authorized agents, *to wit*, officers, of ICOA. Further, SSJ and Street Search knew that they were dealing, corresponding, communicating, discussing and/or negotiating with ICOA, by and through Strouthopoulos and Vahlsing, and each of them, as ICOA's Chief Executive Officer and President and Chief Financial Officer, respectively, relative to a contemplated or possible business arrangement by and among ICOA, SSJ and Street Search. Plainly, it was ICOA that was considering and endeavoring to reach or agree to terms with SSJ and Street Search relative to ICOA's possible engagement of these entities to perform certain investor relations, public relations and/or market awareness services on behalf and/or for the benefit of ICOA. At no time was it

ever contemplated or presumed that it was Vahlsing and/or Strouthopoulos who was interested and/or entering into any possible business arrangement with the Plaintiffs.

The Plaintiffs' depositions in this matter clearly supports Strouthopoulos and Vahlsing's position, as well as their accompanying request for summary judgment with respect to Count Four of Plaintiffs' Complaint. For example, Street Search's principal, Podesta, testified at deposition as follows:

Q: You have a February 20, 2004 writing that's entered into or signed, ICOA, SSJ Enterprises, Street Search; correct?

A: Correct

Q: Mr. Strouthopoulos and Mr. Vahlsing are not parties to that writing; correct?

A: No, I think Mr. Vahlsing was.

Q: In his capacity as CFO; correct?

A: Right.

Q: But not in his individual capacity.

A: No.

Q: So, what is the basis of your fraud claim against these two individuals?

A: That if they didn't intend to pay us, then I feel that they would be personally liable.

Q: If who didn't intend to pay you? There was a writing, and in terms of our discussion today, all we're dealing with is ICOA; correct?

A: Correct.

* * * * * * *

Q: Street Search has no business relationship, nor has ever had a business relationship with either Mr. Strouthopoulos or with Mr. Vahlsing; correct?

A: Correct.

Q: At any point. All of Street Search's dealings has always been with ICOA; correct?

A: And they are ICOA I mean, they are the two people that we dealt with.

Q: I understand. But you dealt with them in their capacities as officers of the company; correct?

A: Correct.

Q: At all times they were meeting in their corporate capacities, to the best of your knowledge; correct?

A: Yes.

*See transcript of deposition of Jeffrey Podesta at p. 141, lines 11-21; p. 142, lines 1-5; p. 142, lines 19-24; and p. 143, lines 1-9 appended hereto as Exhibit A.*

Podesta's testimony was echoed by the deposition testimony of SSJ's principal, Jemal, who testified similarly as follows:

Q: ...You indicated correctly that among the Defendants named in this particular action are Mr. Vahlsing and Mr. Strouthopoulos, correct?

Q: You have named them as individual Defendants in a fraud count?

A: That's right.

* * * * * * *

Q: Now, it is SSJ's contention that it has a contract or an agreement with ICOA, correct?

A: I have a contract with ICOA, correct.

* * * * * * *

Q: Did you have an understanding as to what their [Strouthopoulos and Vahlsing] role was *vis-à-vis* ICOA? What were their positions in ICOA?

A: Erwin is the CFO of the company...George Strouthopoulos is the CEO of the company...

Q: But as I understand it, it was your understanding, if you will, that George [Strouthopoulos] was the CEO and Erwin [Vahlsing] was the CFO of ICOA?

A: Correct?

Q: At all times that SSJ dealt with them?

A: Correct.

Q: And at all times they were acting in their capacities as officers of that company, correct?

A: Sure...

*See transcript of deposition of Stephen Jemal at p. 77, lines 11-14, 18-20; p. 78, lines 4-6; p. 81, lines 14-19; p. 82, lines 1-11 appended hereto as Exhibit B.*

The Plaintiffs' own testimony makes it abundantly clear, and, thus, undisputed that, at all times relevant hereto, the Plaintiffs were aware that they were dealing with Strouthopoulos and Vahlsing, and each of them, in their official capacities as officers of ICOA. Plainly, the testimony of Podesta and Jemal, respectively, evidences their understanding that Strouthopoulos was acting on behalf of ICOA as its Chief Executive Officer and President, and Vahlsing on behalf of ICOA as its Chief Financial Officer. Neither SSJ nor Street Search was able to offer or advance any evidence to support Count Four of the Plaintiffs' Complaint, or to otherwise buttress any claim that either Strouthopoulos or Vahlsing was acting individually, acting beyond the scope of their respective authority, or that either or both bound themselves personally *vis-à-vis* some purported or alleged agreement with SSJ and/or Street Search.

In fact, to the contrary, the Plaintiffs confirm that the so-called February, 2004 writing was designed to address a contemplated and being discussed business arrangement by and among ICOA, SSJ and Street Search. Further, the Plaintiffs readily admit that, at all times, Strouthopoulos and Vahlsing, and each of them, were acting as ICOA's authorized officers during ICOA's discussions and/or negotiations with SSJ and Street Search. As such, the Plaintiffs cannot prevail on Count Four in the present case insofar as it is not supported by any reliable evidence. As such, given that there are no genuine issues of material fact with respect to the same, Strouthopoulos and Vahlsing are entitled to summary judgment as a matter of law with respect to Count Four of Plaintiffs' Complaint.

WHEREFORE, for the foregoing reasons, Strouthopoulos and Vahlsing, and each of them, respectfully pray that this Court enter summary judgment in their favor, and against the Plaintiffs, with respect to Count Four of the Plaintiffs' Complaint, that this Court enter an order awarding to Strouthopoulos and Vahlsing, and each of them, any and all attorneys' fees, cost and/or expenses incurred in the defense of the Plaintiffs' Complaint and preparation and prosecution of the accompanying motion for summary judgment, and that this Court award to Strouthopoulos and Vahlsing, and each of them, such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

George Strouthopoulos & Erwin Vahlsing, Jr.

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: November 10, 2005

## Certification

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 10th day of November, 2005:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832

Darlene Morris