UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SSJ ENTERPRISES, LLC, and STREET SEARCH, LLC,
PLAINTIFFS

VS. C.A. NO.: 04-0435/T

ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR.,
DEFENDANTS

Deposition of JEFF PODESTA, a Witness in the above-entitled cause, taken on behalf of the Defendants, pursuant to notice, before Jane Cormier, a Notary Public in and for the State of Rhode Island, at the offices of Ferrucci Russo, P.C., 55 Pine Street, Providence, Rhode Island, on July 27, 2005, convening at 1:30 p.m.

APPEARANCES:
BY: HOWARD E. WALKER, ESQ.
Counsel for the Plaintiffs

Ferrucci Russo, P.C.
BY: CHRISTOPHER M. MULHEARN, ESQ.
Counsel for the Defendants

Also Present: Erwin Vahlsing, Jr., George Strouthopoulos, Rick Schiffmann



I_N_D_E_X


| WITNESS | PAGE |
|---|---|
| JEFF PODESTA | |
| Examination by Mulhearn | 3 |


E_X_H_I_B_I_T_S


Defendant's Exhibit A for Identification:
Notice of Deposition 157


COPY





JEFF_PODESTA,

Being duly sworn, deposes and testifies as follows:

EXAMINATION_BY_MR._MULHEARN

**Q. Good afternoon, Mr. Podesta. As you know, my name is Chris Mulhearn. My office represents the Defendants in the litigation that finds us here this afternoon. That's the matter pending in the United States District Court for the District of Rhode Island captioned as SSJ Enterprises, LLC et al, versus ICOA, Inc., et al; C.A. Number 04-0435/T. Have you ever given a deposition before?**

A. Yes.

**Q. How many times?**

A. I think once.

**Q. So, you're fairly familiar with the protocol?**

A. Yes.

**Q. I'll give you a brief recitation of the ground rules just to make it easy. Obviously we're here for you to give testimony under oath in the litigation that I've identified. I'm going to ask you a series of questions about that litigation, as well as other ancillary related matters. You will**



**be required to answer those questions. To my right, to your left, is a court reporter or stenographer. She'll be creating a stenographic transcript of this afternoon's proceedings, so I would ask that you answer in an oral or audible fashion, so that she can take a transcription of this afternoon's proceeding. So, I would ask that you not nod your head or shrug, just because that doesn't show up on the transcript. If at any time I ask a question and you don't understand the question, let me know; I'll either rephrase it or ask it again. If you need a question repeated or read back, let me know, we'll ask the stenographer to do that for us.**

**If you answer a question, the presumption will be that you understood the question. Do you have any reason to believe that you're not going to be able to answer any questions I pose to you today accurately or truthfully?**

A. No.

**Q. If you need to take a break to confer with Mr. Walker, let me know, I'll gladly accommodate that request. I would only ask that we not break while a question is pending. If you need to take a break to use the restroom, you need some more water,**

**Q. I'm not asking for a legal answer, I'm asking why you've implicated the two individuals.**
A. Because at this stage the company wasn't fessing up to their obligation, and those are the two individuals that I dealt with.
**Q. So, if I understand you correctly, you want to hold these two individuals accountable for what the company may or may not be doing; correct?**
MR. WALKER: Objection.
A. Yes.
**Q. You have a February 20, 2004 writing that's entered into or signed, ICOA, SSJ Enterprises, Street Search; correct?**
A. Correct.
**Q. Mr. Strouthopoulos and Mr. Vahlsing are not parties to that writing; correct?**
A. No. I think Mr. Vahlsing was.
**Q. In his capacity as CFO; correct?**
A. Right.
**Q. But not in his individual capacity.**
A. No.
**Q. So, what is the basis of your fraud claim against these two individuals?**
A. That if they didn't intend to pay us, then



I feel that they would be personally liable.
**Q. If who didn't intend to pay you? There was a writing, and in terms of our discussion today, all we're dealing with is ICOA; correct?**
A. Correct.
**Q. And I understand what your personal feeling may be, but I'm asking you point blank, what is the basis of your -- of Street Search's claims against these two gentlemen in their individual capacity?**
A. They had the ability to make it happen, and they didn't make it happen.
**Q. I'm not sure that answers --. And what do you base that on?**
A. The fact that they were in charge of the company, that they were the decision-makers for the company; and as individuals, you know, they were signing on this, and I just feel that individually they have some liability here.
**Q. Street Search has no business relationship, nor has ever had a business relationship with either Mr. Strouthopoulos or with Mr. Vahlsing; correct?**
A. Correct.
**Q. At any point. All of Street Search's dealings has always been with ICOA; correct?**



A. And they are ICOA. I mean, they are the two people that we dealt with.
**Q. I understand. But you dealt with them in their capacity as officers of the company; correct?**
A. Correct.
**Q. At all times they were acting in their corporate capacities, to the best of your knowledge; correct?**
A. Yes.
**Q. Did you ever have occasion to think that either of these two individuals was acting on their own individual behalf, and not on behalf of ICOA?**
A. I'm not sure.
**Q. What do you base that statement on?**
A. Because if someone does work, and does not get compensated for that work but they get the benefit of that work, whether it's a stock price, appreciation, or whether it is their own stock going up that they own personally --. All I can tell you is that I got no benefit, and they could have had some benefit.
**Q. You don't know that; correct? As you sit here today?**
A. I don't know that for sure.



**Q. You've alleged that they misrepresented certain facts or concealed certain facts to you, or to Street Search I should say. You've made that allegation in the complaint. What specifically have they misrepresented or concealed from you?**
A. I think that there was a lot of concealing in terms of their shareholder base. I think there was a lot of concealing as to their true capital backgrounds with different investment banks, et cetera.
**Q. But as you sit here today you don't have any specific or firsthand or personal knowledge that either of these individuals misrepresented anything to you; correct?**
A. Do I have proof of it today?
**Q. Yes.**
A. No. I don't have proof of it today.
**Q. So, as you sit here today you don't actually have a basis for this allegation; correct?**
MR. WALKER: Objection.
A. I think I do.
**Q. What do you base your allegation that these gentlemen misrepresented something to Street Search -- what do you base that specifically on?**