AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern District of New York

| | | |
|---|---|---|
| **SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC,**<br>**PLAINTIFFS**<br><br>**VS.**<br><br>**ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR.,**<br>**DEFENDANTS** | : | **SUBPOENA IN A CIVIL CASE**<br><br>**CASE NUMBER** [1] **C.A. NO.: 04-0435/T**<br>**District of Rhode Island** |

TO: **Middlegate Securities, Ltd.**
8 West 40th Street
New York, NY 10018

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| **55 Pine Street, 4th Floor, Providence, Rhode Island 02903** | **October 17, 2005, at 10:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| #5188 | **October 3, 2005** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Christopher M. Mulhearn, Esq.**
Ferrucci Russo P.C., 55 Pine Street, Providence, RI 02903
(401) 455-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
Date

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

____________________

Rule 45, Federal Rules of Civil Procedure, Parts C&D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**Exhibit A**

1. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings by and between SSJ Enterprises, LLC ("SSJ") and Middlegate Securities, Ltd. relating to, concerning and/or in connection with the purchase or sale of shares in and/or stock of ICOA, Inc. ("ICOA") during the time period January 1, 2003, through October 1, 2004.

2. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings by and between Street Search, LLC ("Street Search") and Middlegate Securities, Ltd. relating to, concerning and/or in connection with the purchase or sale of shares in and/or stock of ICOA during the time period January 1, 2003, through October 1, 2004.

3. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings by and between Stephen Jemal ("Jemal") and Middlegate Securities, Ltd. relating to, concerning and/or in connection with the purchase or sale of shares in and/or stock of ICOA during the time period January 1, 2003, through October 1, 2004.

4. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings by and between Jeffrey Podesta ("Podesta") and Middlegate Securities, Ltd. relating to, concerning and/or in connection with the purchase or sale of shares in and/or stock of ICOA during the time period January 1, 2003, through October 1, 2004.

5. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the purchase of shares of and/or stock in ICOA for which Middlegate Securities, Ltd. acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

6. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the sale of shares of and/or stock in ICOA for which Middlegate Securities, Ltd. acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

7. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the purchase of shares of and/or stock in ICOA for which SSJ acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

8. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the sale of shares of and/or stock in ICOA for which SSJ acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

9. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the purchase of shares of and/or stock in ICOA for which Street Search acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

10. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the sale of shares of and/or stock in ICOA for which Street Search acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

11. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the purchase of shares of and/or stock in ICOA for which Jemal acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

12. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the sale of shares of and/or stock in ICOA for which Jemal acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

13. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the purchase of shares of and/or stock in ICOA for which Podesta acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

14. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the sale of shares of and/or stock in ICOA for which Podesta acted as the securities broker and/or market maker for any such transaction during the time period January 1, 2003, through October 1, 2004.

15. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the transfer of any shares of and/or stock in ICOA during the time period January 1, 2003, through October 1, 2004.

16. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the purchase and/or sale of stock in and/or shares in ICOA by SSJ, Street Search, Jemal and/or Podesta, and each of them, during the time period January 1, 2003, through October 1, 2004.

17. True and accurate copies of any and all correspondence, communications, memoranda, purchase orders, sell tickets, electronic communications, recommendations, reports, summaries, account statements, ledgers, trading reports, wire transfers, instructions, documents and/or other writings relating to, concerning and/or in connection with the ICOA during the time period January 1, 2003, through October 1, 2004.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
SSJ ENTERPRISES, LLC and STREET SEARCH, LLC,

Plaintiff(s),

-against-

ICOA, INC., **ET AL.**,

Defendant(s).
-----------------------------------------------X

CASE NO.
C.A. NO. 04-0435/T
District of Rhode Island

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
:
COUNTY OF NEW YORK )

STEVEN MITCHELL, being duly sworn, deposes and says that he is an employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action.

That on the 3rd day of October, 2005, at approximately 11:30 a.m. deponent served a true copy of the **SUBPOENA IN A CIVIL CASE together with EXHIBIT A** upon Middlegate Securities, Ltd. at 8 West 40th Street, New York, New York by personally delivering and leaving the same with John Arnie, Operations Manager, who stated that he is authorized to accept service.

John Arnie is a white male, approximately 50-55 years of age, is approximately 6 feet tall, weighs approximately 180 pounds, with medium length gray hair and dark eyes.

STEVEN MITCHELL #1164011

Sworn to before me this
3rd day of October, 2005

MICHAEL J. KEATING
**NOTARY PUBLIC, STATE OF NEW YORK**
**Reg. No. 01-KE-4851589**
**Qualified in Queens County**
**Certificate Filed in New York County**
**Commission expires February 3, 2006**