UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

SSJ ENTERPRISES, LLC and
STREET SEARCH, LLC,

       Plaintiffs

v.                           CA No. 04-435-T

ICOA, INC.,
GEORGE STROUTHOPOULOS, and
ERWIN VAHLSING, JR.,

       Defendants

## MEMORANDUM AND ORDER

ERNEST C. TORRES, Chief Judge.

SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") brought this action against ICOA, Inc., ("ICOA") and two of its officers and shareholders in order to enforce performance under a "Service Agreement" between the parties. The case, now, is before the Court for consideration of the individual defendants' motion for partial summary judgment relative to the fraud claim asserted in Count IV of the complaint. Because there is a genuine dispute regarding material facts, the motion is denied.

### Facts

SSJ and Street Search provide consulting services that, among

1

other things, assist companies in obtaining financing. ICOA is a broadband wireless Internet network ("Wi-Fi") provider. George Strouthopolous ("Strouthopolous") and Erwin Vahlsing, Jr. ("Vahlsing"), are shareholders in, and the CEO and CFO, respectively, of ICOA.

The complaint alleges that, in early 2004, Strouthopolous and Vahlsing, as officers of ICOA, retained SSJ and Street Search to assist ICOA in obtaining financing for its ventures and to provide related consulting services. After some discussion between the parties, Vahlsing drafted a "Service Agreement" that he signed and forwarded to SSJ and Street Search. (Strouthopolous and Vahlsing's Statement of Undisputed Facts at ¶ 10).

The Service Agreement provided that SSJ and Street Search would render consulting services to assist ICOA in obtaining financing and that they would be compensated with shares of ICOA's common stock and options to purchase additional shares.

ICOA later received $5,000,000 in funding from Cornell Capital Partners LP ("Cornell"), a venture capital firm. SSJ and Street Search claim that, under the terms of the Service Agreement, they are entitled to compensation for ICOA's success in obtaining that financing because they introduced ICOA to Cornell and were instrumental in securing the funding. The defendants, on the other hand, contend that the Service Agreement was nothing more than a proposal that never ripened into a final binding agreement.

## Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 56 (c), a party is entitled to summary judgment as a matter of law, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact..." All evidence is reviewed in the light most favorable to the nonmoving party, and all reasonable inferences are drawn in the nonmoving party's favor. Mesnick v. General Electric Co., 950 F.2d 816, 820 (1st Cir. 1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed. 586 (1992).

Count IV of the complaint alleges that Strouthopolous and Vahlsing were acting "both in their corporate capacities and in their individual capacities as principal shareholders of ICOA." (Complaint at ¶ 48) and that they intended to "frustrate ICOA's performance" and to deceive the plaintiffs in order to "misappropriat[e] plaintiffs' performance." Complaint at ¶ 49. In their motion for partial summary judgment, Strouthopolous and Vahlsing assert that they acted, only, as authorized officers of ICOA and they argue that, as agents of a disclosed principal, they cannot be held personally liable.

In support of their argument, Strouthopolous and Vahlsing cite deposition testimony by Street Search's principal Jeff Podesta ("Podesta") acknowledging that Vahlsing signed the Service

Agreement as CFO of ICOA, and that Street Search had conducted no business with Strouthopolous or Vahlsing as individuals. They also cite deposition testimony by SSJ's principal Stephen S. Jemal ("Jemal") confirming that SSJ's agreement was with ICOA and that SSJ dealt with Strouthopolous or Vahlsing in their capacities as officers of ICOA.

In their response, SSJ and Street Search argue that they do not seek to hold Strouthopolous or Vahlsing liable on the Service Agreement but, rather, that their claim is based on "fraudulent misrepresentations" that Strouthopolous and Vahlsing made regarding ICOA's intention to honor the Agreement in order to further their own interests as shareholders.

Whether a corporate officer can be held liable to third parties for acts committed while conducting the corporation's business depends upon the nature of the acts. In cases where the officer executes a contract on behalf of the corporation and has been authorized to do so, the officer cannot personally be held liable for any breach of that contract. See Cardente v. Maggiacomo Ins. Agency, Inc., 272 A.2d 155 (R.I. 1971) (An agent acting on behalf of a disclosed principal is not liable to third parties for acts performed within the scope of his authority). However, a corporate officer may be personally liable for tortious acts that he commits even though they are committed in the course of performing his duties. See Escude Cruz v. Ortho Pharm. Corp., 619

4

F.2d 902, 907 (1st Cir. 1980); Banks v. Bowen's Landing Corp., 652 A.2d 461, 463 (R.I. 1995).

In this case, the claim against Strouhopolous and Vahlsing is that they fraudulently induced the plaintiffs to provide services, by signing the Service Agreement when they knew and intended that the plaintiffs would not be paid. That claim is vigorously disputed and cannot be resolved via a motion for summary judgment. Therefore, Strouthopolous' and Vahlsing's motion for partial summary judgment with respect to Count IV is hereby denied.

IT IS SO ORDERED,

*Ernest C. Torres* (signature)

Ernest C. Torres
Chief Judge

Date: February 10, 2006