UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, PLAINTIFFS | : | |
| VS. | : | C.A. No.: 04-0435/T |
| ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., DEFENDANTS | : | |

**DEFENDANTS, GEORGE STROUTHOPOULOS, ERWIN VAHLSING, JR., AND ICOA, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, George Strouthopoulos ("Strouthopoulos"), Erwin Vahlsing, Jr. ("Vahlsing"), and Defendant/Plaintiff-in-Counterclaim, ICOA, Inc. ("ICOA") move this Court, pursuant to Rule 50 of the Federal Rules of Civil Procedure, for an order granting judgment as a matter of law in favor of Strouthopoulos, Vahlsing, and ICOA against Plaintiffs, SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs") with respect to Count Three (Fraud against ICOA) and Count Four (Fraud Against Strouthopoulos and Vahlsing) of the Plaintiffs' Complaint (the "Complaint").

Strouthopoulos, Vahlsing, and ICOA submit that no reasonable jury could find for the Plaintiffs with respect to the claim(s) advanced in Count Three and Count Four of the Complaint and, as such, Strouthopoulos, Vahlsing, and ICOA are entitled to judgment as a matter of law as to said Counts Three and Four.

In addition, ICOA moves this Court for an order granting judgment as a matter of law on Plaintiffs' claim for consequential damages pursuant to Counts One and Two of the Complaint.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, PLAINTIFFS** | : | |
| **VS.** | : | **C.A. No.: 04-0435/T** |
| **ICOA, INC., GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., DEFENDANTS** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS, GEORGE STROUTHOPOULOS, ERWIN VAHLSING, JR., AND ICOA INC.S' MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO COUNT THREE AND COUNT FOUR OF THE PLAINTIFFS' COMPLAINT**

Defendants, George Strouthopoulos ("Strouthopoulos"), Erwin Vahlsing, Jr. ("Vahlsing"), and ICOA Inc. ("ICOA") submit the within memorandum in support of their accompanying motion for judgment as a matter of law against Plaintiffs, SSJ Enterprises, LLC ("SSJ") and Street Search, LLC (Street Search") (collectively, the "Plaintiffs") with respect to Count Three (Fraud against ICOA) and Count Four (Fraud against Strouthopoulos and Vahlsing) of the Plaintiffs' Complaint.

In addition, ICOA moves this Court for an order granting judgment as a matter of law on Plaintiffs' claims for consequential damages pursuant to Counts One and Two of the Complaint.

**Standard of Review**

In ruling on a motion for judgment as a matter of law, the trial court must "scrutinize the proof and the inferences reasonably to be drawn therefrom in the light most amiable to the nonmovant." Fed. R. Civ. P. 50; *Calderone v. Kent County Memorial Hosp.*, 360 F.Supp.2d 397, 399 (D.R.I. 2005) (quoting *Gibson v. City of Cranston*, 37 F.3d 731, 735 (1st Cir. 1994)). The court "may not make credibility determinations or weigh the evidence." because those tasks are

for the jury. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000) (citations omitted). However, "the plaintiff must present more than a mere scintilla of evidence and may not rely on conjecture or speculation." *Achille Bayart & Cie v. Crowe*, 238 F.3d 44, 46 (1st Cir. 2001) (citing *Katz v. City Metal Co.*, 87 F.3d 26, 28 (1st Cir. 1996)).

In reviewing the evidence, the "court should give credence to evidence favoring nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Id.* "The court must grant the motion if the court finds that a reasonable jury could not render a verdict to the party's favor." *Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 273 (1st Cir. 2000).

**Argument**

1. **At all times both Strouthopoulos and Vahlsing were acting in their capacities as officers of ICOA, and not in their individual capacities, and, thus, they were agents of a disclosed principal**

It is beyond dispute that at all times relevant hereto, both Strouthopoulos and Vahlsing were communicating, discussing, corresponding and/or negotiating with SSJ and Street Search, respectively, in their capacities as officers of ICOA. At no time did either Strouthopoulos or Vahlsing ever identify, represent or otherwise hold themselves out to SSJ and/or Street Search as acting in their individual or personal capacities.

SSJ and Street Search have not introduced any evidence during their case which would demonstrate that either Strouthopoulos or Vahlsing ever identified, represented or held themselves out to SSJ and Street Search as something other than officers of ICOA, *to wit,* ICOA's Chief Executive Officer and President and Chief Financial Officer, respectively.

In addition, the Plaintiffs failed to demonstrate that any of Strouthopoulos or Vahlsing's actions exceeded their authority on behalf of ICOA. Thus, given that no reasonable jury could

find for the Plaintiffs with respect to the claim(s) advanced by SSJ and Street Search in Count Four of the their Complaint, Strouthopoulos and Vahlsing are entitled to judgment as a matter of law.

Under Rhode Island Law it is well-settled that an agent acting on behalf of a disclosed principal is not personally liable to a third-party for acts performed within the scope of his authority. *See Kenny Mfg. Co. v. Starkweather & Shepley, Inc.*, 642 A.2d 203, 209 (RI 1994). "It has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third-party for acts performed within the scope of his authority." *Kennett v. Marquis,* 798 A.2d 416, 418 (RI 2002), citing *Cardente v. Maggiacomo Insurance Agency, Inc.*, 272 A.2d 155, 156 (RI 1971); *see also, Kennedy v. Ayala,* 717 A.2d 648, 649 (RI 1998).

In the instant case it is crystal clear that, at all times relevant hereto, during the course of ICOA, SSJ and Street Search's continuing discussions and/or negotiations, from January, 2004, through June, 2004, Strouthopoulos and Vahlsing were acting as authorized agents, *to wit,* officers, of ICOA. Further, SSJ and Street Search knew that they were dealing, corresponding, communicating, discussing and/or negotiating with ICOA, by and through Strouthopoulos and Vahlsing as ICOA's Chief Executive Officer and President and Chief Financial Officer, respectively, relative to a contemplated or possible business arrangement by and among ICOA, SSJ and Street Search. Plainly, it was ICOA that was considering and endeavoring to reach or agree to terms with SSJ and Street Search relative to ICOA's possible engagement of these entities to perform certain investor relations, public relations and/or market awareness services on behalf and/or for the benefit of ICOA.

The Plaintiffs' own testimony makes it abundantly clear, and, thus, undisputed that, at all times relevant hereto, the Plaintiffs were aware that they were dealing with Strouthopoulos and

Vahlsing, in their official capacities as officers of ICOA. Plainly, the testimony of Plaintiffs' principals ("Podesta" and "Jemal"), evidences their understanding that Strouthopoulos was acting on behalf of ICOA as its Chief Executive Officer and President, and Vahlsing on behalf of ICOA as its Chief Financial Officer. Neither SSJ nor Street Search was able to offer or advance any evidence to support Count Four of the Plaintiffs' Complaint, or to otherwise buttress any claim that either Strouthopoulos or Vahlsing were acting beyond the scope of their respective authority, or that either or both bound themselves personally *vis-à-vis* some purported or alleged agreement with SSJ and/or Street Search.

In fact, to the contrary, the Plaintiffs confirm that the so-called February, 2004 writing was designed to address a contemplated business arrangement that was being discussed by and among ICOA, SSJ and Street Search. Strouthopoulos and Vahlsing were acting as ICOA's authorized officers during ICOA's discussions and/or negotiations with SSJ and Street Search. As such, the Plaintiffs cannot prevail on Count Four in the present case insofar as it is not supported by any evidence that could remotely allow a reasonable jury to find for the Plaintiffs as to Count Four of their Complaint.

**2. Plaintiffs have not introduced any evidence to support their claim of fraud against ICOA**

The Plaintiffs, SSJ and Street Search have failed to introduce any evidence in support of Count Three of their Complaint, *to wit*, fraud as against ICOA. No reasonable jury could find from the evidence adduced at trial that ICOA committed the requisite material misrepresentation required to support a claim for fraud. Nor have SSJ and Street Search introduced any evidence in support of any of the other elements necessary to support a claim for fraud. Therefore, judgment as a matter of law must enter on behalf of ICOA with respect to Count Three of the Complaint.

To establish a prima facie damages claim in a fraud case, the plaintiff must prove that the

defendant "made a false representation intending thereby to induce plaintiff to rely thereon" and that the plaintiff justifiably relied thereon to his or her damage." *Travers v. Spidell* 682 A.2d 471, 472 (R.I. 1996) (citing *Cliftex Clothing Co. v. DiSanto,* 148 A.2d 273, 275 (1959)). *See Also Francis v. American Bankers Life Assur. Co. of Florida*, 861 A.2d 1040 (R.I. 2004).

Plaintiffs have not introduced evidence supporting any element of fraud identified *supra.* There has been no testimony regarding any statement, act, or omission to act which could be construed as a misrepresentation, intentional or otherwise, on the part of ICOA or its officers with respect to any transaction or contemplated transaction with SSJ and/or Street Search. Nor have the plaintiffs shown any evidence that SSJ and/or Street Search relied to their detriment on any alleged misleading statement, act or omission on the part of ICOA. Thus, without such evidence, it is impossible for a reasonable jury to find for SSJ and/or Street Search with respect to Count Three of the complaint because Plaintiffs have failed to generate evidence at trial to support their allegations.

If Plaintiffs prove that an agreement was reached and that Plaintiffs performed under the terms of such agreement, it has been admitted that the complex compensation formula outlined in the February, 2004 writing would solely entitle Plaintiffs to a shareholder vote for the issuance of 30 million shares of ICOA. In the aftermath of such a shareholder vote, any such issuance of ICOA shares would then be subject to regulatory process to "register" such shares. Said regulatory process is beyond the control of either Plaintiffs or ICOA.

There is no evidence that ICOA made any misrepresentations regarding this process. Rather, the process was derailed because the parties never reached agreement as to performance milestones and in addition, Plaintiffs never performed any of the contemplated tasks.

In sum, given the complete lack of evidence on this issue; indeed, not even a mere scintilla, judgment as a matter of law is appropriate and should enter on behalf of the defendants.

### 3. Plaintiffs have failed to submit any evidence that would entitle them to an award of consequential damages

Plaintiffs seek consequential damages or lost profits alleging that they could have sold the shares that **may** have been issues at a profit. *See* Complaint at Counts One and Two. *See also, Maine Rubber Intern v. Environmental Management Group, Inc.*, 324 F.Supp.2d 32 at 35 (D.Me. 2004) (equating consequential damages with lost profits); *Mahoney v. Town of Canterbury,* 834 A.2d 227 at 234 (N.H. 2003) (Consequential damages, **including** lost profits, must be reasonably foreseeable, ascertainable, and unavoidable.")(emphasis added); *Alcan Aluminum Corp. v. Carlton Aluminum of New England, Inc.*, 617 N.E.2d 1005 at 1010 (Mass. App. Ct., 1993)(defining lost profits as consequential damages).

Plaintiffs' claims in this regard is entirely speculative and thus, Plaintiffs have introduced no evidence in support of such a claim. Assuming solely for the sake of argument, that there was an agreement **and** that Plaintiffs performed thereunder, Plaintiffs would have to secure a shareholder vote prior to the issuance of **any** shares. If a shareholder vote was secured, then Plaintiffs would have to submit to a regulatory process to "register" the shares. If the regulatory process were successful, *arguendo*, then Plaintiffs would have to wait a full year before any shares could be sold. **Then**, Plaintiffs would be subject to a 25% sale over successive 90 day periods or what has been called a "bleed out". As a result of such conditions subsequent and the inherent complexities of contemplated compensation structure outlined by Plaintiffs, Plaintiffs' claim for consequential damages is purely speculative.

**Conclusion**

WHEREFORE, for the foregoing reasons, Strouthopoulos, Vahlsing, ICOA. Inc., and each of them, respectfully pray that this Court enter a judgment in their favor, and against the Plaintiffs, with respect to Count Three and Count Four of the Plaintiffs' Complaint and Plaintiffs' claim for consequential damages under Counts One and Two.

Respectfully submitted,

ICOA, Inc., George Strouthopoulos and Erwin Vahlsing, Jr.

By their Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: February 28, 2006

**Certification**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 28th day of February, 2006:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832