UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC,<br><br>Plaintiffs<br><br>vs.<br><br>ICOA, INC.: GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR.,<br><br>Defendants | : | C.A. No.: 04-0435/T |

ICOA, INC.'S MOTION TO AMEND JUDGMENT AND TO STRIKE JURY AWARD

NOW COMES defendant ICOA, Inc. ("ICOA"), by and through counsel, pursuant to Rule 59 of the Federal Rules of Civil Procedure, and hereby moves this Court for an order of relief from that certain March 2, 2006 jury award, and judgment, entered against ICOA, and in favor of plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs"), and each of them, in the total amount of $900,000.00, and, further, for an order striking said jury award and amending the same to comport with the evidence presented at trial in the above-entitled action.

In support of the within motion, ICOA respectfully states that at no point during the trial in this matter did the Plaintiffs present sufficient evidence to sustain or support the above-referenced March 2nd jury award, and judgment. In fact, the Plaintiffs' presentation at trial was completely bereft of any evidence whatsoever on damages. Thus, the jury's damage award was wholly inconsistent with the Plaintiffs' evidence at trial, and, thus, in error. As such, no

reasonable jury could have awarded the Plaintiffs $900,000.00 in the present case. Accordingly, the jury's award, and judgment should be stricken, and amended to comport with the Plaintiffs' evidence in this matter.

In further support of the instant motion, ICOA submits the accompanying memorandum.

Respectfully submitted,

ICOA, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: March 9, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail and via facsimile upon the following on this 9th day of March, 2006:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832

Darlene Morris

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC,<br><br>Plaintiffs<br><br>vs.<br><br>ICOA, INC.: GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR.,<br><br>Defendants | C.A. No.: 04-0435/T |

**ICOA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT AND TO STRIKE JURY AWARD**

NOW COMES defendant ICOA, Inc. ("ICOA"), by and through counsel, and hereby submits the within memorandum in support of its accompanying motion for an order of relief from that certain March 2, 2006 jury award, and judgment, entered against ICOA, and in favor of plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs"), and each of them, in the total amount of $900,000.00, and, further, for an order striking or vacating said jury award and amending the same to comport with the evidence presented at trial in the above-entitled action.

**Pertinent Facts**

The above-entitled action came to be called for a jury trial before this Court, which commenced on February 27, 2006. The Plaintiffs' presentation of their case-in-chief lasted approximately a day and a half. During the course of the Plaintiffs' presentation, a total of four (4) witnesses testified: Stephen Jemal, Jeffrey Podesta, George Strouthopoulos, and Erwin Vahlsing, Jr.

None of these witnesses testified as to the "present day" value of ICOA stock, nor did any witness offer any testimony as to the damages allegedly sustained by the Plaintiffs[1]. Virtually, all of the Plaintiffs' presentation focused on the existence of a purported contract by and among the Plaintiffs and ICOA, and ICOA's alleged breach thereof. The Plaintiffs presented no rebuttal witnesses relative to ICOA's defense of the case.

Notwithstanding the Plaintiffs' presentation at trial, during the course of closing arguments to the jury, Plaintiffs' counsel suggested that, as of March 1, 2006, the per share price for ICOA stock was $0.03 per share. This was the one and only reference at trial to the "present day" value of ICOA stock. No evidence was adduced at trial regarding the same.

After deliberation the jury returned a verdict in favor of the Plaintiffs, and each of them, and against ICOA, in the total amount of $900,000.00. Notwithstanding that the Plaintiffs were not awarded specific performance or consequential damages, and that the Plaintiffs did not pray for compensatory damages in this case, the jury awarded to the Plaintiffs the so-called "present day" value of thirty million (30,000,000) shares of ICOA stock at $0.03 per share, or $900,000.00. Judgment was entered in favor of the Plaintiffs, and each of them, and against ICOA accordingly.

**Argument**

Rule 59(e) of the Federal Civil Rules of Procedure provides that a party may move a court to alter or amend a judgment within ten (10) days of the original judgment. Fed. R. Civ. P. 59(e); *Aybar v. Crispin-Reyes*, 118 F. 3d 10 n. 3 (1st Cir. 1997) ("regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of

---

[1] The Plaintiffs never amended their Complaint in this matter. The only relief sought by the Plaintiffs in this case was specific performance and consequential damages. The Plaintiffs *did not* pray for compensatory damages.

a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)"). The purpose of the rule is to "allow a court to correct its own errors and avoid unnecessary appellate procedures." *Venegas-Hernandez v. Sonolux Records*, 370 F. 3d 183, 190 (1st Cir. 2004). Rule 59(e) permits an attack on a judgment on the ground that the judgment is based on a manifest error of law. *Id.* at 189.

Rule 59(e) itself does not state the grounds on which relief under the rule may be granted, and the district courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e). *Venegas-Hernandez*, 370 F. 3d at 190 (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F. 3d 350, 355 (5th Cir.1993); *Robinson v. Watts Detective Agency*, 685 F. 2d 729, 743 (1st Cir. 1982); 11 Wright, Miller & Kane, Federal Practice and Procedure, §2810.1 (West 1995). That discretion requires a balancing of the need for finality of judgments *with the need to render a just decision. Edward H. Bolin Co.*, 6 F. 3d at 355. Thus, the decision to allow or deny the motion is a matter of discretion on the part of the trial judge. *Desenne v. Jamestown Boat Yard, Inc.*, 968 F. 2d 1388, 1392 (1st Cir. 1992).

It is well-settled that a court may correct the judgment pursuant to a Rule 59(e) motion despite failure of a party to address or present argument on a particular issue if the court notes that the judgment, if allowed to stand, will work an injustice or is otherwise deficient. *See, generally, Turkmani v. Republic of Bolivia*, 273 F. Supp.2d 45, 52-53 (D. D.C. 2002) (court adjusts interest rate on damages award in accord with applicable choice of law principles despite plaintiff's failure to raise issue at final judgment to ensure "integrity of the final judgment"); *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1374-1377 (D. Del. 1994) (correcting error in damage

calculations in complex patent infringement case despite failure of plaintiff to argue for the change to prevent "manifest injustice").

Similarly, Rule 59(e) is the appropriate avenue to request an amendment to an erroneous jury award for damages. "In reviewing a jury's award of damages, the court should sustain the award unless it is clearly erroneous *or there is no evidence to support the award*." (Emphasis supplied.) *Brown v. Presbyterian Healthcare Services*, 101 F.3d 1324, 1330 (10th Cir. 1996) (citing *Hudson v. Smith*, 618 F.2d 642, 646 (10th Cir.1980)).

For example, in *Mumma v. Reading Co.*, 247 F. Supp. 252 (D.C. Pa. 1965), the court amended a jury verdict to reflect a damage award in accord with the evidence presented at trial. *Mumma* was a tort action alleging negligence on the part of an employer. The employee had slipped and fallen on ice during the course of his duties and was injured. The employee brought suit against the employer and the jury awarded him damages reduced by forty-five percent (45%) to reflect his contributory negligence. The employee then brought a Rule 59(e) motion averring that there was a complete lack of evidence upon which the jury could base a finding of contributory negligence. The court found that as a matter of law that the employer's evidence supported a finding of the employee's assumption of the risk rather than his contributory negligence – a defense completely barred under the applicable tort law. Thus, the court concluded that there was no evidence to support a finding of contributory negligence. As such, the trial justice stated that "Rule 59(e) is designed for precisely such situations," and promptly amended the verdict to award the employee the full amount of the jury's award. *Mumma*, 247 F. Supp. at 260.

Similarly, in the instant case, the application of Rule 59(e) is entirely appropriate, and an amendment of the jury's award, and judgment, to comport with the damage evidence adduced at

trial warranted. Simply put, the only reference of trial to ICOA's "present day" stock value was made during Plaintiffs' counsel's closing argument. The Plaintiffs presented absolutely no evidence at trial with respect to the same, or relative to any of the Plaintiffs' alleged damages in general. The Plaintiffs' entire presentation at trial focused virtually exclusively on the existence of an alleged contract by and among the Plaintiffs and ICOA, and ICOA's purported breach of the same. As such, the jury clearly could find in favor of the Plaintiffs on that issue. However, the trial record was completely bereft of any evidence to sustain or support the jury's award of $900,000.00 in compensatory damages, or any other damages, in favor of the Plaintiffs. Insofar as the Plaintiffs presented no evidence at trial on damages, no reasonable jury could have awarded the judgment amount entered in this matter. Accordingly, the jury's award, and judgment, is in error and contrary to law. Thus, a manifest injustice has occurred to the detriment of ICOA.

Even more, at no point in the trial proceedings, whether before, during or after trial, did the Plaintiffs even pray for compensatory damages. As such, the jury's award of the same to Plaintiffs is in error insofar as the same was not even requested by the Plaintiffs at any time in this matter. Therefore, once again, the jury's finding in this regard is flawed and must be stricken, and the jury award, and judgment, amended to comport with the Plaintiffs' own papers and evidence in this case.

**Conclusion**

WHEREFORE, for the foregoing reasons, ICOA respectfully prays for an order of relief from that certain March 2, 2006 jury award, and judgment, entered against ICOA, and in favor of Plaintiffs, and each of them, in the total amount of $900,000.00, and, further, for an order striking said jury award and amending the same to comport with the evidence presented at trial in

the above-entitled action, and that this Court award to ICOA such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

ICOA, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (# 5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: March 9, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail and via facsimile upon the following on this 9th day of March, 2006:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832

Darlene Morris