UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SSJ ENTERPRISES, LLC and
STREET SEARCH, LLC, Plaintiffs : C.A. No. 2004-0435/T

vs.

ICOA, INC., GEORGE
STROUTHOPOULOS, and ERWIN
VAHLSING, JR., Defendants

## PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO AMEND JUDGMENT OR STRIKE JURY VERDICT

Plaintiffs object to Defendant's motion to amend the judgment or to strike the jury verdict, for the reasons set forth in the accompanying memorandum of law.

By their Attorneys,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: March 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the above document upon the following counsel by first class mail on March 14, 2006 :

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence RI 02903

Howard [signature]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC and STREET SEARCH, LLC, Plaintiffs | : | C.A. No. 2004-0435/T |
| vs. | : | |
| ICOA, INC., GEORGE STROUTHOPOULOS, and ERWIN VAHLSING, JR., Defendants | : | |

**PLAINTIFFS' MEMORANDUM OPPOSING DEFENDANTS' MOTION TO AMEND JUDGMENT OR STRIKE JURY VERDICT**

Defendants have moved, supposedly under Rule 59(e), to amend the judgment or strike the jury verdict. They say that plaintiff failed to produce any evidence of "the present day value" of ICOA stock. Therefore, they conclude, there was insufficient evidence for the jury to make an award of damages, and no support in the evidence for the verdict the jury reached. The Court should deny this motion, for two equally compelling reasons.

First, the Court -- during its charge -- told the jury that counsel had agreed that the "present day value" of ICOA stock was three cents a share and instructed the jury to use that value in computing damages, if they should find a breach of contract. Nobody objected to that charge, which indeed reflected the agreement of counsel[1], and which for want of objection is now "law of the case."

Defendants acknowledge that on a Rule 59(e) motion, the Court should uphold the jury's verdict "unless it is clearly erroneous or there is no evidence to support the

---

[1] During the charge conference counsel for both parties agreed that ICOA stock had for several months traded in a range of three cents to a nickel and that it was currently trading at three cents.

award." There was no error in our jury's verdict: the jury awarded plaintiffs three cents per share, just as the Court instructed them to do if they found a breach of contract. There was indeed evidence to support the jury's award, namely the stipulation of counsel the Court referred to in the charge. Defendants do not dispute that three cents was the correct "present day value" of ICOA shares. Their contention that, just because there was no testimony or exhibit saying three cents was the value, there was no evidence of that fact, just ignores the reality that stipulations of counsel are indeed "evidence." There is no need for testimony or exhibits to prove what counsel have agreed to.

Second, the motion addresses the sufficiency of the evidence and is, therefore, in reality an untimely motion for judgment as a matter of law under Rule 50. Under Rule 50(a)(2) and (b), a motion for judgment as a matter of law must be made at the close of all the evidence and *before submission of the case to the jury*, or else it is waived. The purpose for this requirement is to afford the opposing party an opportunity to cure any defect in its case before the jury retires. *Laborers' Pension Fund v. A&C Environmental, Inc.*, 301 F. 3d 768, 775 (7th Cir. 2002).

This case amply illustrates that purpose. The "defect" defendant relies on is the absence of any testimony or exhibit saying three cents was the "present day value" of ICOA stock. The price of ICOA stock, like that of any publicly traded company, is a matter of public record, readily ascertainable from such reliable and generally accepted sources as the Wall Street Journal. That price is "not subject to reasonable dispute", in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and is therefore a proper subject for judicial notice under *Fed. Rules Evid.* 201(b)(2).

Hence, had defense counsel timely moved for judgment as a matter of law – citing the lack of evidence of "present day value" of ICOA stock as a "defect" in plaintiffs' case, we could easily and quickly have cured that defect by simple resort to the morning Wall Street Journal. Of course there was no such "defect", inasmuch as counsel for the parties had *agreed* on the "present day value" of ICOA, as the Court quite properly – and without objection – told the jury.

For all the foregoing reasons, the Court should deny the defendants' motion and uphold the jury's verdict.

Respectfully submitted,

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: March 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the above document upon the following counsel by first class mail on March 14, 2006:

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence RI 02903