UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, | : | |
| Plaintiffs | : | |
| vs. | : | C.A. No.: 04-0435/T |
| ICOA, INC.; GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., | : | |
| Defendants | : | |

## ICOA, INC.'S MOTION TO STAY

NOW COMES defendant ICOA, Inc. ("ICOA"), by and through counsel, pursuant to Rule 62 of the Federal Rules of Civil Procedure, and hereby moves this Court for an staying the effect of the March 13, 2006 Judgment entered against ICOA, and in favor of plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs"), and each of them, in the total amount of $900,000.00 in connection with the above-entitled action until such time as this Court has passed upon ICOA's pending motion to amend judgment and to strike jury award, or such other time as this Court may determine to be appropriate.

In support of the within motion, ICOA respectfully states that it satisfies the criteria necessary for the Court to exercise its discretion and stay the March 13th Judgment: 1) ICOA has a likelihood of success on the merits; 2) ICOA would be irreparably injured absent a stay; 3) the issuance of a stay will not substantially injure either SSJ or Street Search; and 4) the issuance of a stay will do no harm to the public interest.

In further support of the instant motion, ICOA submits the accompanying memorandum.

Respectfully submitted,

ICOA, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: April 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail and via facsimile upon the following on this 4th day of April, 2006:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SSJ ENTERPRISES, LLC; and STREET SEARCH, LLC, Plaintiffs | : | |
| vs. | : | C.A. No.: 04-0435/T |
| ICOA, INC.: GEORGE STROUTHOPOULOS; and ERWIN VAHLSING, JR., Defendants | : | |

**ICOA, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO STAY**

NOW COMES defendant ICOA, Inc. ("ICOA"), by and through counsel, and hereby submits the within memorandum in support of its accompanying motion to stay the effect of the March 13, 2006 Judgment entered against ICOA, and in favor of plaintiffs SSJ Enterprises, LLC ("SSJ") and Street Search, LLC ("Street Search") (collectively, the "Plaintiffs"), and each of them, in the total amount of $900,000.00 in connection with the above-entitled action until such time as this Court has passed upon ICOA's pending motion to amend judgment and to strike jury award[1], or such other time as this Court may determine to be appropriate.

**Pertinent Facts**

The above-entitled action came to be called for a jury trial before this Court, which commenced on February 27, 2006. The Plaintiffs' presentation of their case-in-chief lasted

[1] ICOA's motion to amend judgment and to strike jury award is scheduled for hearing before the Court on Wednesday, April 12, 2006.

approximately a day and a half. During the course of the Plaintiffs' presentation, a total of four (4) witnesses testified: Stephen Jemal, Jeffrey Podesta, George Strouthopoulos, and Erwin Vahlsing, Jr. None of these witnesses testified as to the "present day" value of ICOA stock, nor did any witness offer any testimony as to the damages allegedly sustained by the Plaintiffs[2]. Virtually, all of the Plaintiffs' presentation focused on the existence of a purported contract by and among the Plaintiffs and ICOA, and ICOA's alleged breach thereof. The Plaintiffs presented no rebuttal witnesses relative to ICOA's defense of the case.

Notwithstanding the Plaintiffs' presentation at trial, during the course of closing arguments to the jury, Plaintiffs' counsel suggested that, as of March 1, 2006, the per share price for ICOA stock was $0.03 per share. This was the one and only reference at trial to the "present day" value of ICOA stock. No evidence was adduced at trial regarding the same.

After deliberation the jury returned a verdict in favor of the Plaintiffs, and each of them, and against ICOA, in the total amount of $900,000.00. Notwithstanding that the Plaintiffs were not awarded specific performance or consequential damages, and that the Plaintiffs did not pray for compensatory damages in this case, the jury awarded to the Plaintiffs the so-called "present day" value of thirty million (30,000,000) shares of ICOA stock at $0.03 per share, or $900,000.00. Judgment was entered in favor of the Plaintiffs, and each of them, and against ICOA accordingly. On March 13th this Court entered Judgment in favor of the Plaintiffs, and against ICOA, in the total sum of $900,000.00.

[2] The Plaintiffs never amended their Complaint in this matter. The only relief sought by the Plaintiffs in this case was specific performance and consequential damages. The Plaintiffs *did not* pray for compensatory damages.

Thereafter, ICOA promptly moved this Court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to amend the Judgment, and, further to strike the March 2, 2006 jury award. The Plaintiffs objected to ICOA's Rule 59 motion, and the same has been scheduled for hearing before the Court on April 12th.

**Argument**

Rule 62(b) of the Federal Civil Rules of Procedure provides, in pertinent part, as follows: "In its discretion . . ., the court may stay the execution of or any proceedings to enforce judgment pending the disposition of a motion . . . to alter or amend a judgment pursuant to Rule 59, . . ."

In order for the Court to exercise its discretion, as provided for in Rule 62, the criteria to be considered in determining a party's request for the issuance of a stay are the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *See also, Martinez Rodriguez v. Jimenez*, 537 F. 2d 1, 2 (1st Cir. 1976); *Ainsworth Aristocrat International Pty. Limited v. Tourism Company of he Commonwealth of Puerto Rico*, 818 F. 2d 1034, 1039 (1st Cir. 1987); *In re Hydronic Enterprises, Inc.*, 51 B.R. 176, 177 Bankr. D. R.I. 1985); *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F. 2d 921, 925 (D.C. Cir. 1958); *Washington Metropolitan Area Comm'n v. Holiday Tours, Inc.*, 559 F. 2d 841, 842-84 (D.C. Cir. 1977); *Garcia-Mir v. Meese*, 781 F. 2d 1450, 1453 (11th Cir. 1986); *Accident Fund v. Baerwaldt*, 570 F. Supp. 724, 725 (W.D. Mich. 1984).

In light of the foregoing, it is beyond dispute, at present, that ICOA satisfies the criteria necessary for this Court to stay the effect of the March 13th Judgment. In the first instance, ICOA

has a substantial likelihood of success on the merits. The jury's findings, and resulting award does not, in any respect, comport with the complete lack of damage evidence adduced at trial. Simply put, the only reference of trial to ICOA's "present day" stock value was made during Plaintiffs' counsel's closing argument. The Plaintiffs presented absolutely no evidence at trial with respect to the same, or relative to any of the Plaintiffs' alleged damages in general. The Plaintiffs' entire presentation at trial focused virtually exclusively on the existence of an alleged contract by and among the Plaintiffs and ICOA, and ICOA's purported breach of the same. As such, the jury clearly could find in favor of the Plaintiffs on that issue. However, the trial record was completely bereft of any evidence to sustain or support the jury's award of $900,000.00 in compensatory damages, or any other damages, in favor of the Plaintiffs. Insofar as the Plaintiffs presented no evidence at trial on damages, no reasonable jury could have awarded the judgment amount entered in this matter. Accordingly, the jury's award, and judgment, was in error and contrary to law.

Even more, at no point in the trial proceedings, whether before, during or after trial, did the Plaintiffs even pray for compensatory damages. As such, the jury's award of the same to Plaintiffs is in error insofar as the same was not even requested by the Plaintiffs at any time in this matter. Therefore, once again, the jury's finding in this regard was flawed. Thus, ICOA has met the requisite showing that it is likely to succeed on the merits of either its Rule 59 motion, or on appeal.

Secondly, absent a stay ICOA will be irreparably harmed. Should a stay not be imposed the status quo will be destroyed, thereby subjecting ICOA to irreparably injury, *to wit*, enforcement of a Judgment in the amount of $900,000.00, which, at present, ICOA does not have the ability to satisfy. Even more, ICOA will be forced to endure the manifest injustice of the jury's

determination notwithstanding that the evidentiary record in this matter is without reference to or support for the Plaintiffs' so-called damages, and, further, provides the Plaintiffs with relief that they, at no point, ever requested in these proceedings. Thus, the harm that will be done to ICOA is both significant and irreparable. Conversely, there is no demonstrable prejudice or harm that will inure to the detriment of the Plaintiffs should this Court grant ICOA the relief now sought.

Finally, the issuance of a stay in favor of ICOA will not, in any way, adversely impact or impinge upon the public interest. In fact, the relief requested by ICOA is not uncommon and is supported by a well-settled body of law. As such, there would be no harm to the general public interest.

**Conclusion**

WHEREFORE, for the foregoing reasons, ICOA respectfully prays that this Court enter an order issuing a stay of the effect of the March 13, 2006 Judgment entered against ICOA, and in favor of the Plaintiffs, and each of them, in the total amount of $900,000.00 in connection with the above-entitled action until such time as this Court has passed upon ICOA's motion to amend judgment and to strike jury award, or such other time as this Court may determine to be appropriate, and, further, that this Court award to ICOA such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

ICOA, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401)-455-1000
Fax: (401)-455-7778

Dated: April 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail and via facsimile upon the following on this 4th day of April, 2006:

**Howard E. Walker, Esq.**
P.O. Box 299
Hope Valley, RI 02832